**COMMUNITY TELEVISION, INC., d/b/a Laramie Community TV Company, Petitioner,**

v.

**UNITED STATES of America and Federal Communications Commission, Respondents.**

**Frontier Broadcasting Company, Intervenor.**

No. 9954.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1969.

Rehearing Denied Feb. 7, 1969.

George M. McMillan, Salt Lake City, Utah (William J. Potts, Jr., and Henry A. Solomon, Washington, D. C., with him on the brief) for petitioner.

Stuart F. Feldstein, Counsel, F. C. C., Washington, D. C. (Edwin M. Zimmer-

man, Asst. Atty. Gen., Howard E. Shapiro, Atty., Dept. of Justice, Washington, D. C., Henry Geller, Gen. Counsel, John H. Conlin, Associate Gen. Counsel, Federal Communications Commission, Washington, D. C., with him on the brief) for respondents.

Arthur B. Goodkind, Washington, D. C. (Alan Y. Naftalin, Washington, D. C., with him on the brief), for intervenor.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a petition to review two orders of the Federal Communications Commission which denied a waiver of the non-duplication rule promulgated by the Commission.

The issues presented are whether the action of the Commission was arbitrary and capricious when it denied the temporary waiver, and whether it was proper for the Commission to deny the requested waiver without a hearing?

Frontier Broadcasting Company, intervenor herein, operates KFBC–TV in Cheyenne, Wyoming, which carries the program service of all three major television networks. Petitioner, Community Television, Inc., d/b/a Laramie Community TV Company, operates a community antenna television system (CATV)[1]

which transmits, by cable, the signals of KFBC, plus the signals of several other stations to the residents of Laramie, Wyoming. Some of the other stations also broadcast the programs of the major networks which means that much of what is broadcast by KFBC is duplicated at the same time by the broadcasts of the other stations. There are also in operation in Laramie three television broadcast translator stations[2] that are licensed to Laramie Plains Antenna TV Association, Inc. These translators also transmit the signals of the national networks.

In the spring of 1966, Frontier requested petitioner to conform to the non-duplication requirement of Section 74.-1103[3] of the Rules and Regulations of the Federal Communications Commission. Petitioner immediately filed a petition for temporary waiver of the non-duplication rule with the Federal Communications Commission on the basis that the non-duplication rule does not prohibit the translator system from duplicating programs and therefore petitioner's compliance with the rule would subject it to an unfair competitive practice.

The Commission denied the petition for waiver and a subsequent petition for reconsideration was likewise denied. Petitioner now comes to this court for a review of the denials of waiver.

1. "(a) Community antenna television systems. The term 'community antenna television system' ('CATV system') means any facility which, in whole or in part, receives directly or indirectly over the air and amplifies or otherwise modifies the signals transmitting programs broadcast by one or more television stations and distributes such signals by wire or cable to subscribing members of the public who pay for such service, but such term shall not include (1) any such facility which serves fewer than 50 subscribers, or (2) any such facility which serves only the residents of one or more apartment dwellings under common ownership, control, or management, and commercial establishments located on the premises of such an apartment house." 47 C.F.R. § 21.710(a).

2. "(a) Television broadcast translator station. A station in the broadcasting service operated for the purpose of re-transmitting the signals of a television broadcast station, another television broadcast translator station, or a television translator relay station, by means of direct frequency conversion and amplification of the incoming signals without significantly altering any characteristic of the incoming signal other than its frequency and amplitude, for the purpose of providing television reception to the general public." 47 C.F.R. § 74.701(a).

3. 47 C.F.R. § 74.1103 provides *inter alia* that a CATV must, upon request, carry the signals of local stations and cannot, on the same day, transmit a program which *duplicates a program broadcast by* the local station.

■ Petitioner relies upon Presque Isle TV Co. v. United States,[4] for the proposition that the Commission erred in denying the requested waiver without a hearing. The *Presque Isle* case, however, is not determinative of the present case because it involves a factual situation which does not fit within the explicit terms of the rules of the Commission. In the case of Conley Electronics Corp. v. F. C. C.[5] the court provided that when a rule, such as the non-duplication rule, is promulgated in a valid rule-making proceeding it may be generally applied by the Commission without a hearing. The court then went on to hold that the failure of the Commission to provide for a hearing before ordering the appellant therein to comply with the non-duplication rule was proper and not a violation of the Communications Act, the Administrative Procedure Act or due process. The *Presque Isle* case is also distinguished for the same reason in footnote 6 of Wheeling Antenna Co. v. United States.[6] Petitioner's contention is therefore without merit and the Commission's denial of the requested waiver without a hearing was proper.

■ Petitioner raises the further contention that the Commission's ruling was arbitrary and capricious in that it lacked a rational basis and was discriminatory against petitioner. In order to meet this contention, it is necessary to examine translator systems in relation to CATV systems.

Translators do not generate any revenue and are generally operated by non-profit corporations or associations and built by subscription or operated by public bodies.[7] In order to intercept a translator's signals, individual receivers must erect an antenna. CATV systems, on the other hand, are generally business enterprises conducted for profit.[8] Through powerful and sophisticated equipment CATV enhances the viewer's capacity to receive signals by providing a well-located antenna with an efficient connection to the viewer's set.[9] CATV provides a sharper, clearer picture in exchange for an installation charge and a monthly subscription fee. In view of these facts, it is quite clear that CATV enjoys a distinct advantage over translator systems. It is therefore obvious that petitioner's requested waiver of the non-duplication rule based on the contention that it would suffer an unfair competitive advantage in favor of the translators is without merit. Frontier has had only minimal success over the years in selling advertising in Laramie despite intensive efforts to do so. Even though Denver, Colorado, is more than 110 miles from Laramie and Laramie is beyond the range of direct home reception for Denver television stations, the American Research Bureau's map shows all of Albany County (Laramie being the population center thereof) as belonging to the distant Denver stations and not to Frontier.

We conclude the Commission had a valid basis for distinguishing between CATV and translators and this distinction is not an arbitrary discrimination.

We therefore affirm the Commission's order requiring non-duplication.

Affirmed.

---

4. 387 F.2d 502 (1st Cir. 1967).

5. 394 F.2d 620 (10th Cir. 1968).

6. 391 F.2d 179 (4th Cir. 1968).

7. Report and Order, 266 F.C.C. 403, 409 (1959).

8. Id. at 407.

9. Fortnightly Corp. v. United Artists Television, 392 U.S. 390, 399, 88 S.Ct. 2084, 20 L.Ed.2d 1176 (1968).