**KAISER–FRANCIS SPECIAL ACCOUNT C, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 79–2081.

United States Court of Appeals, Tenth Circuit.

April 8, 1982.

Kenneth L. Brune, Tulsa, Okl. (Frederic Dorwart and Jack D. Bryant, Tulsa, Okl., with him on the brief, Holliman, Langholz, Runnels & Dorwart, Tulsa, Okl., of counsel), for petitioner.

John A. Cameron, Jr., Atty., Federal Energy Regulatory Commission, Washington, D. C. (Jerome Nelson, Acting Gen. Counsel, Washington, D. C., with him on the brief), for respondent.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

SETH, Chief Judge.

This is an appeal from an order of the Federal Energy Regulatory Commission denying the petition of Kaiser-Francis for a declaratory order. The issue on appeal is whether the Commission properly construed the pricing provisions of a contract for the sale of natural gas in a manner consistent with § 154.106 of the Commission's regulations.

The petitioner Kaiser-Francis is the successor in interest to Wessely Petroleum, Ltd. On June 16, 1969 Wessely as seller and Michigan Wisconsin as buyer entered into a Gas Purchase Contract for natural gas from the Laverne Field, Harper County, Oklahoma.

Article XII, paragraph 1, of the contract establishes a "base price" of 17 cents per thousand cubic feet (MCF) of natural gas

with a heating value of 1,000 British thermal units (BTU) per cubic foot. Michigan Wisconsin agreed that for delivered gas with a heating value greater than 1,000 BTUs per cubic foot, it would pay an additional 1/100 cents per MCF for each BTU in excess of the standard 1,000 BTUs, up to a maximum heating value of 1,200 BTUs. This is a nominal BTU adjustment provision since it never varies with the base price.

Article XII, paragraph 3, specifies that the base price will be reduced for gas with less than 1,000 BTUs per cubic foot. This pricing scheme varies with the base price. Thus it is characterized as a "proportional BTU adjustment" provision.

Article XII, paragraph 2, of the contract allows for an increase in the price for natural gas sold in the event the Commission authorizes higher area rates. This Area Rate Clause states:

"If the Federal Power Commission, or any successor governmental authority having jurisdiction in the premises, shall at any time hereafter authorize for the area in which Seller's properties are situated, a higher just and reasonable area rate for the purchase of gas than the price herein provided to be paid, then the price to be paid by Buyer to Seller for gas delivered under the provisions of this Agreement shall be increased, effective as of the date such higher price is prescribed, to equal such higher rate."

On September 18, 1970 the Federal Power Commission issued Opinion No. 586, codified in 18 C.F.R. § 154.106, authorizing higher area rates for the Hugoton-Anadarko area in which the Harper County production facilities are located. Under the regulations different rates and adjustments applied to contracts dated before and after November 1, 1969. The contract at issue was dated prior to November 1, 1969 so the rate base was adjusted upward according to Regulation § 154.106(c)(1). The quality standards and adjustments were governed by Regulation § 154.106(d)(1):

"(1) For gas sold under contracts dated prior to November 1, 1969, quality standards and resulting adjustments to the base area rate shall be in accordance with the provisions of the particular contract with respect to contract rates."

Thus, under these regulations, a contract dated prior to November 1, 1969 must specifically provide for an upward proportional BTU adjustment; otherwise, such an adjustment was not authorized by the regulation. However, contracts dated after November 1, 1969 were automatically entitled to an upward proportional BTU adjustment pursuant to § 154.106(d)(2)(iv).

On February 23, 1979 Kaiser-Francis filed a petition for a declaratory order with the Federal Energy Regulatory Commission seeking a declaration that it was entitled to a proportional BTU adjustment under the terms of its Gas Purchase Contract for the period October 1, 1970 through December 31, 1975. Kaiser-Francis argued that since the Commission had "authorized" a proportional BTU adjustment for gas sold in the Hugoton-Anadarko area under contracts dated after November 1, 1969, it was entitled to such an adjustment under its Area Rate Clause despite the fact that its contract contained only a nominal BTU adjustment clause.

The Commission determined that since the contract was dated June 16, 1969, the just and reasonable rate must be determined under §§ 154.106(c)(1) and (d)(1). The Commission found that the Area Rate Clause did not authorize an upward proportional BTU adjustment to substitute for the nominal BTU adjustment appearing in the contract. Thus the Commission denied Kaiser-Francis' petition and determined that it was only entitled to the BTU adjustments specified in its own contract.

Kaiser-Francis brought this appeal claiming that the Commission erred in the interpretation of the regulations and in the construction of its contract.

The Commission correctly interpreted both the regulations and the contract as not allowing an upward proportional BTU adjustment. An agency's interpretation of its own regulations is entitled to great deference on appeal. *Jicarilla Apache Tribe v.*

*Federal Energy, Etc.*, 578 F.2d 289 (10th Cir.). The agency's interpretation is controlling unless it is "plainly erroneous or inconsistent with the regulation." *Dawson v. Andrus*, 612 F.2d 1280 (10th Cir.). The Commission found that the regulations require the application of §§ 154.106(c)(1) and (d)(1) since the contract was dated prior to November 1, 1969. The Commission committed no error since the regulations plainly state what rates are to be applied to what contracts. Thus under this interpretation the BTU adjustment "shall be in accordance with the provisions of the particular contract."

In reviewing the Commission's interpretation of general common law principles, such as contract law, great deference is not required. *Jicarilla Apache Tribe v. Federal Energy, Etc.*, 578 F.2d 289 (10th Cir.). However, when the understanding of the documents is enhanced by technical knowledge of industry conditions and practices, as in this case, some deference to the Commission's interpretation is permissible. *Alexander v. Federal Energy Regulatory Com'n*, 609 F.2d 543 (D.C.Cir.); *Columbia Gas Transmission Corp. v. F.P.C.*, 530 F.2d 1056 (D.C.Cir.).

The Area Rate Clause of the contract entitled the seller to a higher area rate as provided by the Commission. The Commission found that the seller was entitled to the higher base area rate authorized by § 154.106(c)(1). However, the Area Rate Clause does not permit the seller to change the contract terms as to the quality standards and adjustments. The contract provides separate adjustment schemes for the BTU rates. The contract provides that the upward BTU adjustment is nominal, unlike the downward BTU adjustment which is proportional to the base rate. Also, under the contract the BTU adjustment provisions are not tied to the Commission's regulations like the Area Rate Clause. Therefore, both under the regulations and the contract any BTU adjustments in price must be in accordance to the specific scheme found in the contract. The Commission correctly found that the Area Rate Clause cannot change the terms of the upward BTU clause. Thus the seller must abide by the contract terms and only receive a nominal upward BTU adjustment for the period in question.

AFFIRMED.