**TURNER BROS. TRUCKING CO.,
INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents.**

No. 80–1737.

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 1982.

Louis J. Bodnar, Oklahoma City, Okl. (Bart A. Boren and Bodnar & Williams, Oklahoma City, Okl., with him on the brief), for petitioner.

Cecelia E. Higgins, Washington, D. C. (Richard A. Allen, Gen. Counsel, Ellen K. Schall, Deputy Associate Gen. Counsel, William F. Baxter, Asst. Atty. Gen. and Robert B. Nicholson and Kenneth P. Kolson, Attys., Dept. of Justice, Washington, D. C., with her on the brief), for respondents.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner seeks review of a final order of the Interstate Commerce Commission denying a petition for waiver of Commission regulations governing leasing practices in the trucking industry. 49 C.F.R. § 1057.-12(g) and (h). Jurisdiction is based on 28 U.S.C. §§ 2321 and 2342. We hold that the waiver was properly denied, and affirm the Commission order.

Turner Bros. Trucking Co., Inc., is an irregular route motor carrier of oilfield equipment and supplies. It owns about 50 trucks and leases an additional 194 from various owner-operators. For some 39 years Turner has paid its owner-operator lessors on a monthly basis and has provided a monthly settlement statement covering pertinent data. The compensation and settlement systems are computer operated.

Dissatisfaction among independent truck operators in the early 1970's resulted in hearings before the Commission and Congress on leasing practices. The regulatory history is presented in *Global Van Lines, Inc. v. Interstate Commerce Commission*, D.C.Cir., 627 F.2d 546, 547–549, and will not be repeated here. Global was concerned with provisions of § 1057 pertaining to escrow accounts. In its footnote 9, Id. p. 547, it notes the payment period appearing in § 1057(g).

The Commission began a rule-making proceeding in late 1977 to revise § 1057. Notice, published in the Federal Register, recited the legislative history, proposed ten specific subjects of inquiry, and invited comments. 42 Fed.Reg. 59984–59985. In response to the first round of comments, the Commission published proposed rules in July, 1978. Relevant to the present petition, § 1057.12, entitled "Written Lease Requirements," was proposed. One Commissioner criticized the rule because the time period was too short.

Another round of public comments followed. The final rule and order were issued in January, 1979. 44 Fed.Reg. 4680–4684. Slight changes were made in subsections (g) and (h). As promulgated, § 1057.-12(g) and (h) read:

"(g) Payment period. The lease shall specify that *payment to the lessor* under permanent or trip lease to the authorized carrier *shall be made within 15 days after submission of the necessary delivery documents* * * *.

(h) Copies of freight bills. * * * the lease shall specify that *the authorized carrier shall give a copy of the rated freight bill before or at the time of settlement* to those lessors * * *." [Emphasis supplied.]

Turner did not participate in the rule-making proceeding or seek judicial review of the rules. Before the effective date it petitioned for a waiver of application of § 1057.12(g) and (h). Turner contended that (1) its current compensation and settlement system fulfilled the objective of the rules; (2) compliance was not desired by the owner-operators; and (3) compliance would be economically burdensome.

The Commission granted a temporary waiver pending decision on the request for a permanent waiver. A Division of three Commissioners denied Turner's petition and dissolved the temporary waiver. In its decision, Ex. Parte No. MC–43, the Division said that the purpose of subsection (g) was "to assure that owner-operators receive compensation within a short time after loads are transported," thereby allowing them to maintain financial stability. With regard to subsection (h) it said the purpose was to "give owner-operators an accurate and complete accounting of monies earned under leasing contracts."

The Division gave its reasons for denying the waiver. It said that the carrier, rather than the owner-operators, had the responsibility "to bear the financial burden for the period between completion of the trip and shipper payment." The Turner claim that it would be required to alter its accounting methods at additional expense was rejected. The Division noted Turner's position that it "may have to compensate owner-operators before knowing the total amount due" and said that the contention did not warrant a waiver. Turner could revise its tariffs to

provide for customer partial billing and thereby minimize accounting difficulties. The Division further noted that nothing prevented the owner-operators from submitting relevant paper work once a month and thus preserve the system of monthly compensation and settlement.

Turner then filed the instant petition for review of the order denying the waiver. An administrative stay was denied. We abated the proceeding pending determination of Turner's application to the Commission for reconsideration. Upon denial of that application, this proceeding was reinstated to active status.

In support of its petition for review, Turner makes two basic arguments: (1) the denial of the waiver is a gross abuse of discretion, and (2) the failure to provide an adequate hearing is a denial of due process. No attack is made on the procedural or substantive validity of the rule. In *Global Van Lines, Inc.*, D.C.Cir., 627 F.2d 548, cert. denied sub nom., 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802, the court upheld the validity of § 1057.12 relating to escrow funds. The same reasoning applies here.

The denial of the waiver complied with the pertinent provisions of the Administrative Procedure Act. Section 555(e), Title 5 U.S.C. provides:

"Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in conjunction with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a *brief statement of the grounds for denial*." [Emphasis supplied.]

The decision, Ex Parte No. MC–43, responded to the points raised by Turner, suggested means of minimizing the effect, and chose to apply uniformly the new rule. Turner has the burden of showing that its facts and arguments are substantially different from those considered in the rule-making proceedings. *Industrial Broadcasting Co. v. Federal Communications Commission*, D.C.Cir., 437 F.2d 680, 683.

Also, one who seeks a waiver must show that Commission's reasons for a waiver denial are "so insubstantial as to render the denial an abuse of discretion." *WAIT Radio v. Federal Communications Commission*, D.C.Cir., 459 F.2d 1203, 1207, cert. denied 409 U.S. 1027, 93 S.Ct. 461, 34 L.Ed.2d 321. The claim of additional, inflationary, and burdensome accounting expense which is undesired by the affected parties and, hence, unproductive does not suffice to sustain the burden. The decision is based on substantial reasons and applies the rules uniformly. The agency considered the relevant factors and made no clear error of judgment. "The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136.

Turner argues that the Commission's failure to provide "an adequate or meaningful hearing" denies due process. We do not agree. Section 554, Title 5 U.S.C., does not apply. We are not concerned with an adjudication required by statute but rather with a request for specific waiver of a rule of general application. In *Community Television, Inc. v. United States*, 10 Cir., 404 F.2d 771, 773, we held that an agency's denial of a requested waiver without a hearing was proper. See also *Conley Electronics Corporation v. Federal Communications Commission*, 10 Cir., 394 F.2d 620, 624, 625, cert. denied, 393 U.S. 858. We are aware of no constitutional or statutory provision requiring a hearing in a case such as this. Art. I, § 8, cl. 3 of the Constitution gives Congress power to regulate commerce among the several States. Congress has delegated to the Commission the right to regulate motor carriers operating in interstate commerce, 49 U.S.C. § 301 et seq. This delegation "contemplates comprehensive regulation of interstate commerce." *Chicago and N. W. Transportation Co. v. Kalo Brick & Tile*, 450 U.S. 311, 321, 101 S.Ct. 1124, 1132, 67 L.Ed.2d 258. The Commission has the responsibility of balancing the many factors pertaining to interstate commerce. A court may set aside its

decisions "only for substantial procedural or substantive reasons as mandated by statute." *Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 558, 98 S.Ct. 1197, 1219, 55 L.Ed.2d 460. No such reasons exist in this case.

The orders of the Commission are severally affirmed.