**CITY OF GILLETTE, WYOMING,**
Petitioner,

v.

**FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.**

No. 82–2084.

United States Court of Appeals,
Tenth Circuit.

June 28, 1984.

Frances E. Francis, Washington, D.C. (Alan J. Roth, P. Daniel Bruner, and Ben Finkelstein, Washington, D.C., with him on the brief) of Spiegel & McDiarmid, Washington, D.C., for petitioner.

Arlene Pianko Groner, Atty., F.E.R.C., Washington, D.C. (Charles A. Moore, Gen. Counsel, Kristina Nygaard, Asst. Gen. Counsel, Thajauna D. Miller and Don Garber, Attys., Washington, D.C., on the brief), for respondent.

Before HOLLOWAY and LOGAN, Circuit Judges, and ARRAJ, District Judge.*

LOGAN, Circuit Judge.

The city of Gillette, Wyoming, appeals from two orders of the Federal Energy Regulatory Commission (FERC) rejecting Gillette's application for a preliminary permit to study a proposed hydroelectric project. Under the Federal Power Act, 16 U.S.C. §§ 791a–825r, the FERC may issue licenses for developing hydroelectric projects at federal dams. 16 U.S.C. § 797(e). A preliminary permit gives the recipient the exclusive right to study the feasibility of a project and to apply for a license to develop the project. It may be issued for a period as long as three years. 16 U.S.C. § 798; 18 C.F.R. § 4.30(b), (c). The recipient also has priority over competing applicants for licenses after the preliminary permit expires. 18 C.F.R. § 4.33(h).

On February 20, 1981, the Commission issued a public notice stating that Mitchell Energy Company, Inc., had applied for a preliminary permit to study a proposed hydroelectric project at the Yellowtail Afterbay Dam in Montana. The notice stated that any party who wished to submit a competing application should file with the FERC by April 28, 1981, either an application for a preliminary permit or a notice of intent to file a competing application. If a party filed a timely notice of intent, the public notice gave the party until June 29, 1981, to file a preliminary permit application.

On June 19, 1981, Gillette filed a competing preliminary permit application for the Yellowtail project. On July 22, 1981, the Deputy Director of the FERC's Office of Electric Power Regulation (OEPR) rejected Gillette's application as untimely because it was not filed by April 28. On July 28 Gillette sent a letter to the Deputy Director protesting this action, stating that Gillette had mailed a timely notice of intent to file a competing application. Gillette enclosed a photocopy of the notice of intent and an affidavit stating that it had been mailed to

the OEPR on April 10, 1981. The letter concluded, "Please advise me as soon as possible if you need anything further from us." The Deputy Director did not reply and took no action on the letter.

On February 17, 1982, Gillette filed with the Commission an "Appeal from Staff 'Action,' Protest, and Petition for Waiver of Regulations and for Leave to File Affidavit and Application for Preliminary Permit" (Appeal, Protest, and Petition). The FERC rejected the appeal. Gillette filed an application for rehearing pursuant to 16 U.S.C. § 825*l* (a). Rehearing was denied by operation of law on July 9, 1982. Gillette then filed a petition for review with this Court under 16 U.S.C. § 825*l* (b).

I

Gillette contends that the Commission improperly dismissed the Appeal, Protest, and Petition as untimely. The pertinent regulation provides:

"Any staff action, other than a decision or ruling of a presiding administrative law judge, taken pursuant to authority delegated to the staff by the Commission that would be final, but for the provisions of this paragraph, may be appealed to the Commission by any interested person. The challenged staff action may be appealed by filing a petition within 30 days of the action."

18 C.F.R. § 1.7(d). Relying on this regulation, the FERC dismissed Gillette's appeal because Gillette filed it more than thirty days after the Deputy Director's July 22, 1981, order. Gillette asserts, however, that the order was not "final" within the meaning of § 1.7(d) because Gillette essentially asked the Deputy Director to reconsider his decision in its letter of July 28. Gillette notes that 18 C.F.R. § 4.31(g) permits applicants to confer with Commission staff "at any time regarding deficiencies or other matters relating to its application."

▮▮▮ Gillette's argument is unpersuasive. An agency's interpretation of its own regulations is normally entitled to great

---

* The Honorable Alfred A. Arraj, Senior United States District Judge for the District of Colora-   do, sitting by designation.

deference. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Jicarilla Apache Tribe v. FERC,* 578 F.2d 289, 292 (10th Cir.1978). This deference extends to an agency's interpretation of its procedural rules. *City of Groton v. Federal Power Commission,* 487 F.2d 927, 934 (Emer.Ct.App.1973). Thus, we will reject the Commission's interpretation of 18 C.F.R. § 1.7(d) only if it is plainly erroneous or inconsistent with the regulation's clear meaning. *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Kaiser-Francis Special Account C v. FERC,* 675 F.2d 249, 251 (10th Cir.1982). Here, the Deputy Director's order is final on its face; it neither invites Gillette to seek reconsideration nor implies that it may do so. The Deputy Director dismissed Gillette's application pursuant to authority delegated to him under 18 C.F.R. § 375.308(k), which does not authorize him to reconsider staff action. Furthermore, although 18 C.F.R. § 4.31(g) permits staff members to give applicants advice or opinions, it also provides that those opinions "will not bind the Commission or any person delegated authority to act on its behalf." Thus, since neither the regulations nor the Deputy Director's order implies otherwise, we hold that the FERC reasonably concluded that the order was final for the purposes of 18 C.F.R. § 1.7(d).

## II

■ Gillette also contends that the FERC unlawfully rejected Gillette's request in its Appeal, Protest, and Petition that the Commission waive the deadline for filing a preliminary permit application for the Yellowtail project. The relevant regulation provides:

"*Extensions of time.* Except as otherwise provided by law, whenever by any rule, regulation, or order of the Commission, or any notice given thereunder, an act is required or allowed to be done at or within a specified time, the time fixed or the period of time prescribed may, by

the Commission or the presiding officer, for good cause be extended upon motion made before expiration of four-fifths of the period originally prescribed or as previously extended; and upon motion made after the expiration of the specified period, the act may be permitted to be done where reasonable grounds are shown for the failure to act."

18 C.F.R. § 1.13(d). The Commission's "Order Rejecting Appeal" stated, "The Commission has clearly stated its intention to enforce strictly filing deadlines in preliminary permit proceedings. Gillette has not demonstrated sufficient cause for us to deviate from this policy." (footnotes omitted). The order cites *Riceland Electric Cooperative, Inc.,* 13 F.E.R.C. ¶ 61,152, at 61,313 (1980), wherein the Commission stated:

"In recent months we have been deluged by an enormous increase in applications for preliminary permits. Thus, the Commission cannot carry the burden of administering the permitting and licensing program efficiently and expeditiously unless these prescribed time limits are met. If we are unable to act expeditiously and efficiently in administering these programs, the public interest in development of renewable energy resources, consistent with environmental objectives, will suffer. Therefore, we are giving explicit warning here that the time limits set in our regulations and public notices for preliminary permit proceedings must and will be enforced strictly."

(Footnote omitted).

The Commission's statement can be construed as rejecting Gillette's request for a waiver simply because the Commission refuses to extend filing deadlines in preliminary permit proceedings under any circumstances.[1] Reading it that way, Gillette argues the strict enforcement policy is invalid because it is inconsistent with the "reasonable grounds" test set forth in 18 C.F.R. § 1.13(d). What constitutes "reasonable grounds" for an extension of time, however, may vary considerably with the type

---

1. When the applicant requests the extension of a deadline after the deadline has passed, the

FERC's regulations now state that the Commission will grant the extension only if "extraordi-

of proceeding and the consequences of granting an extension. Furthermore, the Commission states that its policy regarding late-filed applications or appeals is "not rigid, only strict." Respondent's brief at 9. It admits that it has accepted untimely appeals in preliminary permit cases "upon a showing of good cause." *Id.; see, e.g., City of Hibbing, Minnesota,* 20 F.E.R.C. ¶ 61,035 (1981), *modified on reh'g,* 20 F.E.R.C. ¶ 61,235 (1982). Accordingly, we hold that the strict enforcement policy is not inconsistent on its face with 18 C.F.R. § 1.13(d).

▐ Gillette also contends that the strict enforcement policy is invalid because it was not published in the Federal Register. The Administrative Procedure Act requires an agency to publish in the Federal Register "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. § 552(a)(1)(D). However, an agency may also formulate interpretations of general applicability in the course of issuing adjudicatory opinions without publishing those opinions in the Federal Register. *Cheshire Hospital v. New Hampshire-Vermont Hospitalization Service, Inc.,* 689 F.2d 1112, 1123 (1st Cir.1982); *Nicholson v. Brown,* 599 F.2d 639, 648 (5th Cir.1979); *Mehta v. Immigration & Naturalization Service,* 574 F.2d 701, 705 (2d Cir.1978). The Administrative Procedure Act requires only that the agency make such opinions available for public inspection and copying. 5 U.S.C. § 552(a)(2)(A). The FERC announced its strict enforcement policy in an order that was made available to the public. We therefore reject Gillette's contention that the policy is invalid merely because it was not published in the Federal Register.

Finally, Gillette contends that the Commission's order fails to adequately explain the denial of Gillette's request for a waiver. A party whose written request for a waiver is denied is entitled to a brief statement of

nary circumstances" justify the applicant's failure to comply with the deadline. 47 Fed.Reg.

the grounds for the denial. *See* 5 U.S.C. § 555(e); *Turner Bros. Trucking Co. v. ICC,* 684 F.2d 701, 703 (10th Cir.1982). The statement of grounds must be sufficiently detailed that the reviewing tribunal can appraise the agency's determination under the appropriate standards of review. *See Matlovich v. Secretary of the Air Force,* 591 F.2d 852, 857 (D.C.Cir.1978). In the instant case, the FERC denied Gillette's request for a waiver through informal agency action. Thus, since the order is reviewable under the arbitrary and capricious standard of 5 U.S.C. § 706(2)(A), *see American Mining Congress v. Marshall,* 671 F.2d 1251, 1254–55 (10th Cir.1982); *Estate of French v. FERC,* 603 F.2d 1158, 1162 (5th Cir.1979), the statement of grounds must be sufficiently detailed that we can determine whether the FERC considered the relevant factors and issues and that the choice it made based on those factors was a reasonable one. *Marshall,* 671 F.2d at 1255.

In its Appeal, Protest, and Petition, Gillette forwarded a number of arguments for a waiver. For instance, Gillette noted that pending legislation had indefinitely delayed the preliminary permit process. Thus, a major reason for the FERC's strict enforcement policy—delay in granting permits and developing renewable energy sources—would not be implicated if Gillette received a waiver. Gillette also contended it was entitled to a waiver because it made good faith efforts to comply with Commission deadlines, waiver would not be unfair to any applicant, and there is a statutory policy favoring government applicants. The Commission's order, however, addresses none of Gillette's arguments, and we cannot ascertain why the Commission rejected Gillette's excuses and contentions. The order merely cites *Riceland* and concludes that Gillette failed to demonstrate sufficient cause for the FERC to deviate from its strict enforcement policy. The mere conclusion, tracking the terms of the regulatory criterion, that "sufficient cause" does not exist in a particular case does not satisfy § 555(e). *See Matlovich,* 591 F.2d

19014, 19049 (1982) (to be codified at 18 C.F.R. § 383.2008(b)).

at 860; *United States ex rel. Checkman v. Laird,* 469 F.2d 773, 787 (2d Cir.1972). Moreover, the rationale for the FERC's denial is hardly self-evident; neither the regulations nor *Riceland* indicates what factors the Commission considers in determining whether to grant a waiver of a filing deadline. Accordingly, we vacate the order of the Commission denying Gillette's petition for a waiver and remand the case for further proceedings consistent with this opinion.

VACATED and REMANDED.