**BAR MK RANCHES; Robert Redd; Heidi Redd; K.S. Summers Livestock; Two Swipe Ranch; John W. Redd; Dean Robinson; Gary Halls; Gary Halls; Aleta Dalton, Plaintiffs–Appellants,**

v.

**Clayton YUETTER, Secretary of Agriculture; F. Dale Robertson, Chief of the Forest Service, U.S. Dept. of Agriculture; United States of America, Defendants–Appellants.**

No. 92–4071.

United States Court of Appeals, Tenth Circuit.

May 19, 1993.

---

W.F. Schroeder, Vale, OR, W. Alan Schroeder of Schroeder & Lezamiz, Boise, ID, and Richard C. Cahoon of Marsden, Orton, Cahoon & Gottfredson, Salt Lake City, UT, for plaintiffs-appellants.

Miles E. Flint, Acting Asst. Atty. Gen., David C. Shilton and Robert H. Oakley, Dept. of Justice, Environment and Natural Resources Div., Washington, DC, Joseph P. Stringer, Office of Gen. Counsel, U.S. Dept. of Agriculture, Ogden, UT, and Daniel D. Price, Asst. U.S. Atty., Salt Lake City, UT, for defendants-appellees.

Before McKAY, Chief Judge, LOGAN and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiffs appeal the district court's order granting summary judgment for Defendants in Plaintiffs' action for review of a Forest Service administrative decision. Plaintiffs contend that the district court erred in upholding the administrative action because Defendants failed to comply with their own agency appeal record regulations in arriving at the administrative decision and that the Administrative Record filed with the district court was improperly developed.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Plaintiffs are a group of landowners who hold national forest grazing permits. On February 25, 1987, the Forest Supervisor authorized the transplant of 150 elk to National Forest System land located on the Manti–LaSal National Forest near Monticello, Utah. Pursuant to the procedure set out in 36 C.F.R. § 211.18(f) (1987),[2] Plaintiffs appealed the decision to the Intermountain Regional Forester, contesting the order, and the appeals were consolidated for administrative review.

On January 15, 1988, the Regional Forester advised Plaintiffs that the agency appeal record was closed as of December 20, 1987. However, after finding the agency appeal record inadequate, the Regional Forester suspended the appeals process and asked the Forest Supervisor to provide supplemental information. *See* 36 C.F.R. § 211.18(q). Plaintiffs were given an opportunity to review and comment on the new information. On March 25, 1988 the Regional Forester affirmed the Forest Supervisor's decision.

Plaintiffs then filed their second level administrative appeal with the Chief of the Forest Service. *See id.* § 211.18(f)(1)(ii). On April 22, 1988, Plaintiffs' attorney was provided with the agency appeal record, and on May 12, 1988, the Regional Forester

---

1. The record filed in the district court by the Forest Service for judicial review of the Forest Service's decision is referred to in this opinion as the Administrative Record. The record developed through the internal agency review process is referred to as the agency appeal record.

2. All cites to 36 C.F.R. § 211.18 are cites to the regulations as written in 1987, when the Forest Service issued its initial decision and when Plaintiffs first filed for administrative review.

transmitted the agency appeal record to the Chief. On December 7, 1988, the Chief closed the second level agency appeal record, and on January 30, 1989, Plaintiffs were informed that the Chief had affirmed the decision. The Secretary of Agriculture subsequently declined discretionary review, and the decision became final. *See id.* § 211.-18(f)(3), (6).

On February 8, 1989, Plaintiffs filed the present action in district court seeking judicial review of the Forest Service decision to transplant the elk. On September 28, 1990, Defendants filed their Administrative Record and a motion for summary judgment with the district court. Plaintiffs filed a motion to reject the Administrative Record and to strike Defendants' motion for summary judgment on the grounds that the Forest Service had failed to comply with its own regulations concerning the development of the agency appeal record and that the Administrative Record was inadequately developed. The district court concluded that the Forest Service had properly adhered to its own regulations and that the Administrative Record was adequate to evaluate the agency's decision and denied Plaintiffs' motion. Plaintiffs were instructed to respond to Defendants' motion for summary judgment within thirty days. In their response memorandum, Plaintiffs declined to respond to the motion for summary judgment, and elected instead to rely only on an appeal to this court on the agency appeal record and Administrative Record issues. On April 7, 1992, the district court granted Defendants' motion for summary judgment.

## II.

Plaintiffs challenge the district court's adoption of the Forest Service's interpretation of 36 C.F.R. § 211.18(r). This regulation provides: "[a]n appeal decision will be based only on the record." Plaintiffs allege that the Forest Service violated § 211.18(r) by considering information outside the agency appeal record in reaching its decision. Plaintiffs support this claim by pointing to the Administrative Record filed in the district court which contains more evidentiary material than was contained in the agency appeal record developed by the Regional Forester and the Chief during the administrative review process. Plaintiffs request that we remand the case to the Forest Service with instructions to follow the regulation. We review the district court's interpretation of § 211.18(r) de novo. *Dodson v. Zelez,* 917 F.2d 1250, 1255 (10th Cir.1990).

■ While we agree with Plaintiffs that agencies are required to follow their own regulations, *see United States v. Nixon,* 418 U.S. 683, 694–96, 94 S.Ct. 3090, 3100–01, 41 L.Ed.2d 1039 (1974); *Edwards v. Califano,* 619 F.2d 865, 869 (10th Cir.1980), we also note that an agency's interpretation of its own regulations, including its procedural rules, is entitled to great deference, *City of Gillette, Wyoming v. FERC,* 737 F.2d 883, 884–85 (10th Cir.1984). We will only reject an agency's interpretation if it is unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning. *Id.* at 885; *Downtown Medical Center/Comprehensive Health Care Clinic v. Bowen,* 944 F.2d 756, 768 (10th Cir.1991).

■ The Forest Service construes its regulations as requiring that the Deciding Officer forward only those documents which are relevant to the agency appeal issues to the Reviewing Officer, making the record considered by the Deciding Officer different from the one developed later during the agency review process. 36 C.F.R. § 211.18(p), (q). We agree and hold that the agency's interpretation is reasonable and consistent with the regulation's plain meaning.

■ First, the plain language of the regulation refers to *appeal* decisions, not to all decisions. Therefore, § 211.18(r) speaks only to the procedure which must be followed during agency review and says nothing with regard to the procedures the Deciding Officer is obligated to follow in making the initial decision. Second, reading § 211.18(r) in conjunction with § 211.18(p), further supports the Forest Service's construction. Under § 211.18(p), the agency appeal record is defined as:

.... a distinct set of identifiable documents *directly concerning the appeal,* including, but not limited to, notices of ap-

peal, comments, statements of reasons, responsive statements, procedural determinations, correspondence, summaries of oral presentations and related documents, appeal decisions, and other information the Reviewing Officer may consider necessary to reach a decision.

*Id.* (emphasis added). It is apparent from this regulation that the Deciding Officer is not required to forward to the initial Reviewing Officer all information that he had before him in making the decision. Instead, he need only forward selected documents that he considers relevant to the appeal issues. Thereafter, the agency appeal record can be supplemented by additional information from both parties before the record is closed. 36 C.F.R. § 211.18(p). If the Reviewing Officer considers the agency appeal record inadequate to affirm or reverse the decision, he can suspend the appeals process and request additional information. 36 C.F.R. § 211.-18(q). Consequently, the agency appeal record is usually different than the record considered by the Deciding Officer, including some items that were not before the Deciding Officer and excluding some items that were before him. As a result, the fact that the Administrative Record contained more evidentiary material than the agency appeal record is not evidence that the Forest Service violated § 211.18(r).[3]

### III.

Plaintiffs next allege that imperfections in the Administrative Record filed with the district court kept the court from adequately reviewing the Forest Service's actions. Plaintiffs claim that the Administrative Record is both overinclusive and underinclusive, including some documents not considered by the agency and failing to include other documents that were considered by the agency.

■ A district court reviews an agency action to determine if it was "arbitrary, ca-pricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A review under this standard is generally based on the full administrative record that was before all decision makers, including in this case the Deciding Officer and the Reviewing Officers, at the time of the decision. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971). The district court must have before it the "whole record" on which the agency acted. *Appalachian Power Co. v. EPA,* 477 F.2d 495, 507 (4th Cir.1973). *See also Overton Park,* 401 U.S. at 419, 91 S.Ct. at 825. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). The complete administrative record consists of all documents and materials directly or indirectly considered by the agency. *Lloyd v. Illinois Regional Transp. Authority,* 548 F.Supp. 575, 590 (N.D.Ill.1982); *Tenneco Oil Co. v. Department of Energy,* 475 F.Supp. 299, 317 (D.Del.1979).

The "whole record" in this case consists of all documents and materials considered by the Forest Supervisor (the Deciding Officer) in making his initial decision, as well as all documents and materials contained in the agency appeal record as developed throughout the agency review process by the Regional Forester and the Chief (the Reviewing Officers). Therefore, as long as Defendants submitted all documents and information considered and developed at all three stages of the Forest Service's decision and review process, nothing more and nothing less, the Administrative Record submitted to the district court was correct.

■ An agency may not unilaterally determine what constitutes the Administrative Record, *Tenneco Oil,* 475 F.Supp. at 317,

---

**3.** Plaintiffs, in one sentence of their lengthy brief, also make a conclusory allegation that 36 C.F.R. § 211.18(p) and (r), if interpreted as we do above, violate their procedural due process rights. Plaintiffs state that their due process rights were violated because they were denied the opportunity to address some of the evidence on which the Forest Service relied. We do not

address this claim, however, because Plaintiffs provide no legal or factual support for this assertion. *See Boone v. Carlsbad Bancorporation, Inc.,* 972 F.2d 1545, 1554 n. 6 (10th Cir.1992) (court refused to consider due process challenge where appellants merely mentioned an undefined constitutional claim in their opening brief without any supporting argument or authorities).

nor can the agency supplement the Administrative Record submitted to the district court with post hoc rationalizations for its decision, *American Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539, 101 S.Ct. 2478, 2505, 69 L.Ed.2d 185 (1981); *Citizens to Preserve Overton Park*, 401 U.S. at 419, 91 S.Ct. at 825. However, the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity. *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985). The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary. *See id.* When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question. *Tenneco Oil*, 475 F.Supp. at 317. The harmless error rule applies to judicial review of administrative proceedings, and errors in such administrative proceedings will not require reversal unless Plaintiffs can show they were prejudiced. *All Indian Pueblo Council v. United States*, 975 F.2d 1437, 1443 (10th Cir.1992) (citing 5 U.S.C. § 706 which states that "due account shall be taken for the rule of prejudicial error" in judicial review of agency action).

 The Forest Service submitted sworn affidavits that the Administrative Record filed in the district court was properly designated, and Plaintiffs have failed to carry their burden of clearly establishing that the Administrative Record was improperly designated. Although Plaintiffs allege and can verify that certain documents included in the Administrative Record filed with the district court were not included in the agency appeal record, they fail to allege facts to show that these documents were not part of the materials considered by the Deciding Officer. Furthermore, Plaintiffs stipulated in a March 6, 1991 pretrial order that no further discovery was necessary to complete the Administrative Record. Therefore, the presumption of regularity in the Administrative Record applies.

■ Even if some of the documents were inappropriately included in the Administrative Record, Plaintiffs have failed to show how they were prejudiced by these docu-

ments. Plaintiffs have alleged that the Forest Service submitted documents to the district court as post hoc rationalizations for the decision. However, Plaintiffs fail to show how these alleged post hoc rationalizations prejudice them. *See* 5 U.S.C. § 706 (requiring showing of prejudice); *All Indian Pueblo Council*, 975 F.2d at 1443 (same). Although allegations of a post hoc addition to the Administrative Record sufficiently alleges procedural error, an allegation of a post hoc addition does not in itself sufficiently allege prejudice.

AFFIRMED.