Slip Op. 03-165

# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

---------------------------------------------x

AMMEX, INC.,                  :

       **Plaintiff,**        :

       **v.**          :         **Court No. 02-00361**

UNITED STATES,          :

       **Defendant.**     :

---------------------------------------------x

## MEMORANDUM DECISION AND ORDER

Before the court is a Motion for Discovery from Plaintiff Ammex, Inc. ("Ammex") dated March 7, 2003. Specifically, Ammex asks this court to grant its request for production of a number of documents relating to the November 21, 2001 Revocation Ruling by the Bureau of Customs and Border Protection (formerly United States Customs Service) ("Defendant" or "Customs"). In addition, Ammex asks this court to grant leave for it to depose the Customs official(s) responsible for the Revocation Ruling. Defendant opposes the motion.

The factual and procedural posture of this case is outlined in this court's opinion in *Ammex, Inc. v. United States*, Slip Op. 03-145 (Oct. 30, 2003). A decision on Ammex's Motion for Discovery was postponed pending the disposition of *Ammex*, wherein the court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint and thereby declined to allow the case to go forward under 28 U.S.C. § 1581(a). The court, however, took jurisdiction of the case under 28 U.S.C. § 1581(i). The court also ordered the parties to submit a scheduling order within

thirty days of the date of the *Ammex* opinion. Accordingly, parties filed a scheduling order with the court on December 4, 2003, but made the scheduled dates for submission of documents conditional upon a ruling on the Motion for Discovery.

The scope of judicial review in a section 1581(i) case is statutorily provided. In particular, section 2640 of title 28 of the United States Code dictates that in any action not specified in that section (a category that includes section 1581(i) cases), "the Court of International Trade shall review the matter as provided in section 706 of title 5." 28 U.S.C. § 2640(e). Section 706 of title 5 provides that in making its determination "the court shall review the whole record or those parts of it cited by a party . . . ." This mandate has been interpreted by the courts to mean that, except in very limited circumstances, the reviewing court shall not develop its own record of the case, but must instead rely on the record developed before the agency. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *Public Power Council v. Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982); *Amfac Resorts v. United States*, 143 F. Supp. 2d 7, 11 (D.C. 2001). As can be gathered from the aforementioned cases, policy reasons behind such a mandate are to prevent the court from substituting its judgment for that of the agency and also to prevent the agency from advancing post hoc rationalizations of its initial determination. Because a motion for discovery is essentially a motion to supplement the administrative record, the granting of such motions is rare in section 1581(i) cases.

Here, this court must decide whether Plaintiff has made a sufficient showing that its case fits into one of the narrow exceptions permitting discovery. *See Amfac Resorts*, 143 F. Supp. 2d

at 12 (requiring a "strong," "substantial," or "prima facie" showing). In other words, the issue is whether Plaintiff has made sufficient showing that the administrative record in the case is incomplete so as to frustrate judicial review or that explanation or clarification is needed regarding technical terms in the record. *See Pl.'s Mot. for Discovery* at 2 (citing *Ammex, Inc. v. United States*, 23 CIT 549, 556-57, 62 F. Supp. 2d 1148, 1156-57 (1999)). Here, Plaintiff has failed to make any showing that the record is incomplete so as to frustrate a meaningful review or that an explanation or clarification is needed on any technical terms, interpretation of which is sought by the parties.

The substantive dispute in this case centers on the respective meanings of the terms "assessment" or "imposition" as they relate to federal taxes, and Customs' interpretation of these terms. In particular, Plaintiff alleges that, if there were no federal taxes "assessed" on Plaintiff's merchandise, such merchandise would qualify as duty-free under 19 U.S.C. § 1555(b)(8)(E). Plaintiff further alleges that Customs' Revocation Ruling is based on faulty reasoning in that Customs made no determination regarding whether Plaintiff's merchandise was "assessed" any federal tax, and instead based its decision to revoke Plaintiff's duty-free status on an Internal Revenue Service ("IRS") letter, which informed Customs that taxes would be "imposed" on Plaintiff's merchandise pursuant to section 4081 of the Internal Revenue Code, 26 U.S.C. § 4081. To that end, Plaintiff argues that the court should require further explanation from Customs about how the agency reached its decision regarding the refusal to allow entry of Plaintiff's merchandise into a Class 9 bonded warehouse.

The court disagrees. First, information relating to whether any federal taxes were

assessed on Ammex's merchandise or whether Ammex "paid" any tax on its merchandise is presumably within Plaintiff's knowledge, and discovery is accordingly not necessary to answer these questions. Plaintiff may simply provide the court in subsequent briefing with any facts relevant to the case. Second, at this point in the proceeding the court needs no further explanation from Customs regarding its decision-making process. The record in the case indicates that Customs based its decision to revoke the duty-free status of the merchandise solely on the IRS letter and did not seek to ascertain whether Plaintiff's merchandise was assessed any taxes. In fact, Customs specifically stated that "[r]evocation of the ruling does not prevent Ammex from showing that no tax was assessed and therefore, it would not be covered by the revocation." *Notice of Revocation of Ruling Letter*, A.R. Doc. No. 22 at 3. Third, underlying legal questions in the case are not so complex as to require further clarification of any terms implicated. "Assessment" and "imposition" are terms, the definition of which are readily available in any dictionary or other source, as well as the statutes themselves, should the court require. Fourth, any internal agency memorandum is ordinarily privileged and accordingly falls outside the scope of discovery. *See Amfac Resorts*, 143 F. Supp. 2d at 13. Fifth, generally "there must be a strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers." *Public Power*, 674 F.2d at 795 (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). Here, where bad faith on the part of government officials is not even alleged, depositions of Customs officials are accordingly not warranted. Finally, a "court assumes [that] the agency properly designated the [a]dministrative [r]ecord absent clear evidence to the contrary." *Bar MK Ranches*, 994 F.2d at

740 (citation omitted). As Plaintiff here failed to overcome this "presumption of administrative regularity," *id.*, the court will not allow the discovery requested by Plaintiff. That is, the agency need not supplement the record with further memoranda or documents beyond what is contained in the administrative record, whether such memoranda are internal or relate to the communications between the IRS and Customs. The court, however, reserves the option to remand to the agency for further explanation or information after the briefing on substantive issues is complete and after such issues are thereby fine-tuned and prepared for final review. For all the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Discovery is denied; it is further

ORDERED that parties confer and resubmit to this court a scheduling order within ten (10) days of this order; and it is further

ORDERED that such scheduling order will be in conformance with this Court's rules and this chambers' guidelines outlined on the Court's webpage.

Dated : _____                           _____
         New York, New York                              Judith M. Barzilay