HOLLISTON SAND CO. INC. *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH SMITHFIELD.

APRIL 27, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of review in denying the petitioner's application for an exception pursuant to art. I, sec. 5C (2), and art. IV, sec. 1 (F), of the zoning ordinance of the town of North Smithfield.

We issued the writ and in compliance therewith the board has made due return of all the records and papers pertaining to its proceedings in the matter. But nowhere therein

is there a report of the testimony heard by the board nor is there any summary thereof in the board's decision. In the absence of such information it is impossible for this court to review the board's action and determine its correctness. In its final decision of October 18, 1963 the board states that "after lengthy testimony" and upon arguments of counsel it denied and dismissed the petition, but it does not state the nature of such testimony.

From our examination of the board's return it appears that it has failed to keep a proper record of all its proceedings, including a fair report or at least a reasonably accurate summary of the oral testimony or facts brought before it or otherwise known to it, upon which it based its decision. The consequence is that which we pointed out in *Robinson* v. *Town Council*, 60 R. I. 422. We are thus unable to perform the statutory duty imposed upon us of reviewing the board's decision in the interest of preventing injustice.

In the circumstances it appears that this objective of the statute can best be attained by returning the cause to the board with direction to hear it de novo and make a record of its proceedings in keeping with the guidelines laid down in *Robinson*.

To this extent the petition for certiorari is granted, the board's decision is quashed without prejudice, and the records certified are returned to the board for further proceedings in accordance with this opinion.

*Lewis Z. Lavine,* for petitioner.

*Keefer and Kirby, Scott K. Keefer,* for respondent.