[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter came on for hearing before Mr. Justice Lanphear on July 26, 2005 on defendants' motions for summary judgment. At hearing, the Court reserved on three issues: The Administrative Procedures Act count, the due process count and the liability of the defendants in their individual capacities.
Phyllis Burgess, an employee of the North Providence Housing Authority who serves as the Section 8 Coordinator, was suspended from her job without pay for 30 days on September 1, 2004. Because she was not permitted to attend the meeting on September 1, she requested a hearing to review the suspension per the Housing Authority's personnel policy. That hearing was held on September 21, 2004. At the hearing, conducted without a record, the Board of Commissioners upheld the thirty day suspension. Ms. Burgess now seeks review of the Board's decision under the Administrative Procedures Act, G.L. 1956 § 42-35-15 ("APA"). She also challenges the disciplinary action as based on discrimination for age, disability and sex, as retaliatory for whistleblowing, and as contrary to the procedures required by the R.I. Open Meetings Act, the Due Process clauses of the Rhode Island and United States Constitutions, and the Housing Authority's personnel policy.
The Administrative Procedures Act
Defendants argue that since the Board did not create a record of the hearing, review of the decision is impossible. Therefore, defendant contends, the appeal of the administrative decision (Count I) must be dismissed.
If this is an appeal under the APA,[1] defendants correctly point out that an administrative appeal must have a record to review. See. G.L. §42-35-15(f). The Rhode Island Supreme Court recognized that a plaintiff must bear any cost of transcribing the record. A.J.C. Enterprises v.Pastore, 473 A.2d 269, 273 (R.I. 1984). However, the agency must transmit its record to the Superior Court. Section 42-35-15(d). If the administrative agency failed to create a record, the case should be remanded to the agency to hear the matter de novo and create a record.Cahoone v. Board of Review, 104 R.I. 503, 507-508, 246 A.2d 213, 215
(1968) (Powers, J., concurring) (arguing that the matter should be remanded to the agency for further hearings since the record is incomplete); Holliston Sand Co. v. Zoning Bd. of Review, 98 R.I. 93, 94,200 A.2d 9, 9-10 (1964).
However, this action is not a contested case and thus is not subject to the APA.[2] Section 42-35-1(c) defines a contested case as "a proceeding . . . in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for a hearing." A hearing must be required by law for the action to be considered a contested case. Property Advisory Group, Inc.v. Rylant, 636 A.2d 317, 318 (R.I. 1994). However, whether a hearing is required is not as important as whether the agency determines a party's legal rights, duties, or privileges. Malachowski v. State, 2005 R.I. LEXIS 143 at 14. The reduction of pay for the Public Utilities Commission chairperson was not considered a contested case since it did not determine a party's legal rights, duties, or privileges. Id. Similarly, an employee could not appeal his suspension and dismissal under the APA since it was not a contested case. Lynch v. Gontarz, 120 R.I. 149, 155,386 A.2d 184, 187 (1978) (finding that plaintiff's employment was not entitled to the procedural protections of the State Personnel Appeal Board, whose decisions are reviewable under the APA, since he was an unclassified employee and did not allege discrimination). These cases comprise a general trend that an agency's internal employment decisions are not contested cases under the APA
Due Process Violations
Count 7 alleges a separate cause of action against defendants resulting from a violation of due process, contrary to Article I, Section 2 of the Rhode Island Constitution.
Since Ms. Burgess was able to attend the subsequent meeting on September 21, 2004, for a final decision on the disciplinary action, Defendants argue that due process under the Rhode Island and United States Constitutions was met. Defendants point out that Ms. Burgess appeared at that hearing with her counsel to present evidence and to argue the validity of her suspension.
Defendants contend that Ms. Burgess was not deprived of a property right when she was suspended for thirty days, according to Montaquila v.St. Cyr, 433 A.2d 206, 212 (R.I. 1981). According to Montaquila, "[w]hen a public employee is discharged from a position terminable at the will of the employer and there has been no public disclosure of the reasons for the discharge, there cannot be a deprivation of a liberty interest." Id.
(citing Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L. Ed. 2d 684
(1976)). Defendants note that Ms. Burgess is an at-will employee of the Housing Authority (Aff. of Carol Pontarelli at ¶ 3) and claim that no public disclosure was made of the reasons for discharge. Ms. Burgess did not deny these points in her opposition to summary judgment. Accordingly summary judgment is appropriate on this issue, since Ms. Burgess has no property interest in her continued employment that would permit her to invoke the due process clauses of the Rhode Island and United States Constitutions.
Individual Defendants.
This Court disfavors naming public officials in their individual capacities when they were truly acting in their official capacities. Though the issue was not briefed sufficiently, but discussed in part at the hearing, the issue is saved for another day and any motions relative to dismissing the individual defendants is dismissed without prejudice. However, at first blush, all which was done appears to have been done in their capacities as Housing Board members. Members may be exempt from liability per R.I.G.L. § 9-1-31.2.[3] As some acts are not immune from liability, findings of fact may be in dispute. Hence, in regard to the personal liability of the individual defendants, there remain issues which are not yet ripe for summary judgment.
Accordingly, defendants' motion for summary judgment is granted in part. Summary judgment is granted to the defendants in regard to Counts I and VII of the Amended Complaint. The motion for summary judgment as to defendants in their individual capacities is denied without prejudice.
[1] Ms. Burgess has attempted to combine an administrative agency appeal with a civil trial for discrimination, retaliation, and denial of procedural rights. However, the procedural postures of these two types of actions are so different that they cannot be combined in one proceeding.Nickerson v. Reitsma, 853 A.2d 1202, 1205 (R.I. 2004). This court must either dismiss the administrative appeal, or dismiss the remaining civil actions.
[2] Ruling on a motion to dismiss, Judge Savage held that the Housing Authority is an agency for the purposes of the APA. However, she did not rule on whether this was a contested case.
[3] The statute states in part: § 9-1-31.1. Members of public bodies —Exemption from liability
(a) . . . .
(b) Limitation of Liability. Notwithstanding any other law, a qualified member of a public body shall not be held civilly liable for any breach of his or her duties as such member, provided that nothing herein contained shall eliminate or limit the liability of a qualified member:
(1) For acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law;
(2) For any transaction from which such member derived an improper personal benefit; or
(3) For any malicious, willful or wanton act.