**Supreme Court**

No. 2011-350-Appeal.
(PC 11-876)

Multi-State Restoration, Inc., et al.    :

v.    :

DWS Properties, LLC.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Multi-State Restoration, Inc., et al.　　　　:

v.　　　　　　　:

DWS Properties, LLC.　　　　:

Present:　Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**　Multi-State Restoration, Inc. (Multi-State) and Performance Adjusting Public Insurance Adjusters, LLC (Performance) (collectively the plaintiffs) appeal from a judgment of the Superior Court that dismissed their claims against DWS Properties, LLC (DWS or defendant).[1]　This case came before the Supreme Court for oral argument on October 31, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.　After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.　For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

---

[1] The plaintiffs' complaint contained claims about properties at 25 Andem Street and 79 Marshall Street in Providence.　However, only the claims relating to 25 Andem Street were dismissed, and it is they alone that are before this Court.　The claims relating to 79 Marshall Street later were resolved and, therefore, are not before us.

- 1 -

# I

## Facts and Travel

DWS is a Rhode Island limited liability company (LLC) that is in the business of owning real estate. The sole member of the company is Dustin Shore. DWS owns rental property at 25 Andem Street in Providence, which property, at the times relevant to this appeal, was insured by the Rhode Island Joint Reinsurance Association (RIJRA). Performance is a public insurance adjusting company that represents homeowners and businesses with regard to insurance claims. Multi-State, according to the affidavit of William R. D'Amico, II, is an insurance remediation company that provides restoration and construction services to damaged properties. D'Amico is the sole member and manager of Performance as well as the president of Multi-State.

On December 23, 2009, a sewer pipe burst at 25 Andem Street, causing substantial damage to the basement and foundation of the property. Shore subsequently executed contracts with Performance and Multi-State, in which Performance agreed to provide public adjusting services relative to the loss resulting from the ruptured pipe and subsequent vandalism, and Multi-State agreed to perform emergency clean-up work at the property. Performance adjusted the insurance claims with RIJRA and achieved a settlement of $5,852 for loss of rent and $62,311.66 for cleanup and restoration. Additionally, pursuant to a separately written contract, Multi-State provided cleanup services at the property, including the rental of safety fencing and equipment used to temporarily secure the foundation. The plaintiffs alleged that they never were paid for the services that they provided.

Shore and his wife then filed for personal bankruptcy; in his filing with the bankruptcy court, he claimed that the debts owed to plaintiffs were personal to him. In the course of the bankruptcy proceeding these debts were discharged under 11 U.S.C. § 727 of the Bankruptcy

Code. The plaintiffs filed suit in the Superior Court against DWS, the LLC that owns 25 Andem Street. In their complaint, plaintiffs sought damages for book account, breach of contract, quasi-contract and unjust enrichment.

DWS moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that plaintiffs failed to state a claim upon which relief could be granted. In its motion, DWS maintained that it was not a party to any contract with plaintiffs and, therefore, that plaintiffs were not entitled to relief. The plaintiffs then filed an objection to DWS's motion, and they also countered with a motion for summary judgment. At a hearing held on May 10, 2011, the hearing justice said that she was inclined to grant DWS's motion to dismiss based on plaintiffs' invoices that were attached to the complaint. Those invoices refer only to Shore as the customer, and not to DWS. The trial justice then went on to consider the contracts that Shore executed with plaintiffs that were not attached to their complaint. At the conclusion of the hearing, the hearing justice granted DWS's motion to dismiss, reasoning that Shore had signed the contracts in an individual capacity, without making any reference to DWS.

The plaintiffs then filed a motion for relief and/or for clarification, in which they asked the hearing justice to vacate her order or to clarify whether she had treated DWS's motion to dismiss as a motion for summary judgment, because materials outside the four corners of the complaint had been considered. The plaintiffs also requested that the hearing justice specifically state her reasoning for dismissing the equitable claims of quasi-contract and unjust enrichment. The hearing justice denied plaintiffs' motion for relief and entered a final judgment for DWS. The plaintiffs timely appealed to this Court.

## Standard of Review

This Court has held that the "sole function of a motion to dismiss is to test the sufficiency of the complaint." Laurence v. Sollitto, 788 A.2d 455, 456 (R.I. 2002) (quoting Rhode Island Affiliate, ACLU, Inc. v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)). "When ruling on a Rule 12(b)(6) motion [to dismiss], the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." Laurence, 788 A.2d at 456 (quoting Bernasconi, 557 A.2d at 1232). "The motion may then only be granted if it 'appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts * * *.'" Id. (quoting Bernasconi, 557 A.2d at 1232).

However, when ruling on a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *." Rule 12(b)(6). Furthermore, this Court has held that "when the motion justice receives evidentiary matters outside the complaint and does not expressly exclude them in passing on the motion, then Rule 12(b)(6) specifically requires the motion to be considered as one for summary judgment." Martin v. Howard, 784 A.2d 291, 298 (R.I. 2001).

When a Rule 12(b)(6) motion to dismiss is converted to a motion for summary judgment, this Court shall review plaintiffs' appeal de novo. See DeSantis v. Prelle, 891 A.2d 873, 876-77 (R.I. 2006). Additionally, we "will affirm [a grant of summary] judgment only if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter

of law." Id. at 877 (quoting Tanner v. Town Council of East Greenwich, 880 A.2d 784, 791 (R.I. 2005)).

## III

## Analysis

## A

## Motion to Dismiss

Under Rule 12(b)(6), when "matters outside the pleading are presented to and not excluded by the" hearing justice, a motion to dismiss will automatically be converted to a motion for summary judgment. See DeSantis, 891 A.2d at 876. Here, defendant presented materials to the hearing justice that were not contained within the four corners of plaintiffs' complaint. These extraneous materials included a copy of the notice of Chapter 7 bankruptcy and the schedule of creditors, in which plaintiffs were listed. The documents were attached as exhibit A to DWS's memorandum in support of its motion to dismiss, but were neither mentioned in, nor attached to, plaintiffs' complaint.[2]

In addition, at the hearing DWS submitted copies of the contracts that Shore had executed with plaintiffs to the hearing justice. These documents also were not attached to the complaint.[3] The record reveals that the hearing justice failed to expressly exclude these contracts from her consideration and then specifically relied on them when she rendered her decision.

---

[2] We note that, in the context of a motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, it was proper for the hearing justice to consider plaintiffs' invoices because they were attached to the complaint and, as such, were "deemed incorporated therein by reference." Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 725-26 (R.I. 2003).

[3] At the hearing, both parties asserted that plaintiffs attached the contracts to their "responsive pleading." However, the only pleading filed by plaintiffs was the complaint, to which no contracts were attached. However, the contracts were attached to an affidavit of William D'Amico, which was submitted with plaintiffs' objection to DWS's motion to dismiss and counter-motion for summary judgment. It appears from the record that the parties were referring to that motion and that the contracts were not attached to the complaint.

When she granted DWS's motion to dismiss, the hearing justice told plaintiffs' counsel: "I've reviewed your answer, the attachments, and everything that I see in that contract." [4] She then explained that she was dismissing plaintiffs' claims because only Shore, and not DWS, was designated as the customer in the contracts. Thus, because materials outside the four corners of the complaint were considered by the hearing justice, the motion to dismiss under Rule 12(b)(6) was converted to a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure.

When "ruling on a motion for summary judgment the [hearing] justice must consider affidavits and pleadings in the light most favorable to the opposing party, and only when it appears that no genuine issue of material fact is asserted can summary judgment be ordered." O'Connor v. McKanna, 116 R.I. 627, 633, 359 A.2d 350, 353 (1976) (citing Marandola v. Hillcrest Builders, Inc., 102 R.I. 46, 227 A.2d 785 (1967)). In this case, an affidavit of William D'Amico appears in the record and must be considered in our de novo review of the motion for summary judgment. That affidavit, and the contracts attached to it, raises genuine issues of material fact.

The contracts entered into with Multi-State provide that the company was to perform "emergency services ONLY," including "[b]oard-up, winterization, water extraction and any and all work ordered by the State and or Municipality and/or as required by Customer's Insurance policy." In D'Amico's affidavit, he asserted that Multi-State performed "emergency foundation construction" and other emergency work in accordance with those contracts. However, DWS asserts that Multi-State performed much of this work several months after the pipe ruptured "and not under emergency circumstances." There is no question that these are issues of material fact

---

[4] When the hearing justice says she had reviewed plaintiffs' answer, it appears that she was referring to their objection to DWS's motion to dismiss.

that will require a fact-finder to determine exactly what work was performed, when such work was performed, under what circumstances it was performed, and whether there was a breach of the contract. Because these issues of fact still remain, summary judgment was inappropriate, and the trial justice erred in granting plaintiffs' motion.

**B**

**Equitable Claims**

It is also our opinion that defendant's motion should not have been granted on plaintiffs' equitable claims for quasi-contract and unjust enrichment, and that DWS is not entitled to judgment as a matter of law with regard to those claims. At the hearing, the hearing justice offered little reason for dismissing plaintiffs' equitable claims other than to reiterate that the contracts named Shore, and not DWS, as the customer. However, the fact that DWS was not explicitly named on the contracts does not entitle it to judgment as a matter of law on these claims.

"This Court has held that 'actions brought upon theories of unjust enrichment and quasi-contract are essentially the same.'" Bouchard v. Price, 694 A.2d 670, 673 (R.I. 1997) (quoting R & B Electric Co. v. Amco Construction Co., 471 A.2d 1351, 1355 (R.I. 1984)). Furthermore,

> "in order to recover under quasi-contract for unjust enrichment, a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof." Id. (quoting Anthony Corrado, Inc. v. Menard & Co. Building Contractors, 589 A.2d 1201, 1201-02 (R.I. 1991)).

After reviewing the limited evidence contained in the record, we conclude that plaintiffs were wrongfully deprived of their opportunity to satisfy the elements necessary to recover under a theory of quasi-contract or unjust enrichment. Indeed, even DWS does not argue that there is

- 7 -

no scenario under which plaintiffs would be able to satisfy these elements. Instead, DWS contends that plaintiffs' equitable claims were properly dismissed because G.L. 1956 chapter 28 of title 34 (the Mechanics' Liens statute) provided them an adequate remedy at law, thereby precluding plaintiffs from proceeding on any equitable remedies.

Although it is generally true that there must be no adequate remedy at law for a plaintiff to proceed in equity, here, the express language of § 34-28-33 specifically allows for plaintiffs to pursue remedies in addition to those provided for in the Mechanics' Liens statute. See Wickes Asset Management, Inc. v. Dupuis, 679 A.2d 314, 322 (R.I. 1996). Specifically, § 34-28-33 says that "nothing in this chapter shall be construed to limit the right of any person * * * to remedies otherwise available to him or her under law * * *." Furthermore, "the rights * * * of any person," whether or not he or she has filed a claim under § 34-28-16, "shall not be impaired by the provisions of [the Mechanics' Liens statute]."[5] Section 34-28-33. Based on this language, it is our opinion that the Mechanics' Liens statute does not preclude plaintiffs from pursuing their claims in equity. As a result, DWS was not entitled to judgment as a matter of law.

---

[5] The full text of G.L. 1956 § 34-28-33 reads:
> "Except as otherwise specified, nothing in this chapter shall be construed to limit the right of any person, whether he or she have a valid lien hereunder or not, to remedies otherwise available to him or her under law; and the rights, if any, of any person who has filed his or her account and demand or claim under § 34-28-16 for any deficiency, or the rights, if any, of any person who has failed to file his or her account and demand or claim thereunder, against any other person (rather than against the property which is the subject matter of any complaint under this chapter) shall not be impaired by the provisions of this chapter. In the event that there is a conflict as to procedures between § 34-28-1 et seq. and the rules of civil procedure, then the procedures noted in § 34-28-1 et seq. shall prevail."

## III

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand the record to it.



**TITLE OF CASE:**  Multi-State Restoration, Inc., et al. v. DWS Properties, LLC.

**CASE NO:**  No. 2010-350-Appeal.
(PC 11-876)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  January 10, 2013

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**  Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  William A. Quattrucci, Jr., Esq.

For Defendant:  Joel S. Chase, Esq.