November 5, 2018

**Supreme Court**

No. 2016-61-M.P.
(P1/10-3258AG)

State                 :

v.                :

Victor Arciliares.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                    :

v.                   :

Victor Arciliares.       :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  After a 2012 trial in Providence County Superior Court, a jury found the defendant, Victor Arciliares (Arciliares or defendant), guilty of one count of second-degree murder and one count of discharging a firearm while committing a crime of violence.[1]  The defendant timely appealed to this Court, but ultimately filed a motion to remand the matter to the Superior Court for a new trial in light of newly discovered evidence.  This Court granted the defendant's unopposed motion.  While on remand, the defendant filed supplemental memoranda contending that he was entitled to a new trial because the trial justice's jury instructions regarding involuntary manslaughter were improper in light of this Court's opinion in *State v. Diaz*, 46 A.3d 849 (R.I. 2012).  The trial justice granted the defendant's motion for a new trial on that ground, and we granted the state's petition for a writ of certiorari seeking review of that decision.  The state argues that the defendant's motion for a new trial based on the issue of the propriety of the trial justice's jury instructions was procedurally improper and that, even if the trial justice did not err in hearing the motion, he nevertheless erred in granting it because *Diaz* did not set forth a new rule of law and the defendant failed to preserve this issue at trial.  For the reasons set forth herein, we quash the order of the Superior Court.

---

[1] These were counts 1 and 4 of the indictment, respectively.

# I

## Facts and Travel

On October 28, 2010, a grand jury indicted defendant on two counts of second-degree murder (counts 1 and 3), in violation of G.L. 1956 § 11-23-1;[2] one count of carrying a pistol without a license (count 2), in violation of G.L. 1956 § 11-47-8(a); and one count of discharging a firearm while committing a crime of violence (count 4), in violation of § 11-47-3.2(b)(3).[3] A jury found defendant guilty of counts 1 and 4. The trial justice denied defendant's motion for a new trial following the jury verdict, and he sentenced defendant to a term of forty-five years imprisonment on count 1 and a consecutive life sentence on count 4.

On July 3, 2012, defendant timely appealed his convictions to this Court. Subsequently, on June 17, 2013, prior to filing his brief-in-chief,[4] defendant moved to remand the case to the Superior Court so that he might file a motion for new trial based on newly discovered evidence pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure. The state did not object to this motion. This Court granted defendant's motion on September 16, 2013, remanding the case and holding the appeal in abeyance pending the disposition of defendant's Rule 33 motion. On April 15, 2014,[5] in Superior Court, defendant filed his motion for a new trial and corresponding memorandum in support of the motion, alleging that newly discovered evidence and violations under *Brady v. Maryland*, 373 U.S. 83 (1963), entitled him to a new trial. The state filed its objection to the motion for a new trial. Thereafter, defendant filed supplemental

---

[2] It appears from the record that counts 1 and 3, both charging defendant with second-degree murder, were based upon separate and distinct theories—felony murder and murder committed with a reckless indifference to human life.

[3] Prior to the start of trial, the state dismissed counts 2 and 3.

[4] Defendant filed his brief-in-chief on August 1, 2013.

[5] A review of the record does not indicate a reason for the delay between this Court's remand order and defendant's filing of his motion in Superior Court; rather, there appears to have been no activity during that seven-month period.

memoranda on August 4, 2015, December 22, 2015, and February 23, 2016. In his second and third supplemental memoranda, defendant proffered a new argument in support of his motion for a new trial, contending that the trial justice had erred in instructing the jury as to involuntary manslaughter. In support of his new position, defendant averred that *Diaz* created a new rule of law requiring that the trial justice's jury charge for involuntary manslaughter contain a reference to "criminal negligence." The defendant reasoned that, because the trial justice's jury instructions at defendant's trial lacked such language, and in fact contained nearly identical language to that used in the trial in *Diaz*,[6] he was entitled to a new trial.[7]

On February 29, 2016, the trial justice granted defendant's motion for new trial on those grounds, and the state filed a petition for a writ of certiorari with this Court. On June 3, 2016,

---

[6] In charging the jury, the trial justice used the following language to instruct them on involuntary manslaughter:

> "Generally speaking, manslaughter is the unlawful but unintentional killing of a human being without malice or premeditation. A person who recklessly does an act that results in the death of another human being is guilty of manslaughter, even though he did not contemplate such a result. Nothing more is required than the intentional doing of an act which, by reason of its reckless character, exposes another person to injury and causes injury or death."

In *State v. Diaz*, 46 A.3d 849 (R.I. 2012), the same trial justice charged the jury with the following:

> "Generally speaking, manslaughter is the unlawful but unintentional killing of a human being without malice or premeditation. A person who recklessly does an act that results in the death of another human being is guilty of manslaughter even though he did not contemplate such a result. Nothing more is required than an intentional doing of an act which, by reason of its wanton or reckless character, exposes another person to injury, and causes injury or death." *Diaz*, 46 A.3d at 863.

[7] At the remand hearing on defendant's motion for new trial, the trial justice heard only defense counsel's argument on the issue of the propriety of the jury instructions, and never reached arguments on the topic of newly discovered evidence.

this Court granted the state's petition and issued the writ, instructing the parties "to address whether in this Court's decision in *State v. Diaz* * * * this Court announced a new rule of law in light of our holdings in the following cases: *State v. Hallenbeck*, 878 A.2d 992 (R.I. 2005); *State v. Ortiz*, 824 A.2d 473 (R.I. 2003); *State v. Hockenhull*, 525 A.2d 926 (R.I. 1987); and *State v. McVay*, 47 R.I. 292, 132 A. 436 (1926)."

## II

## Standard of Review

"Our review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *DeCurtis v. Visconti, Boren & Campbell, Ltd.*, 152 A.3d 413, 420-21 (R.I. 2017) (quoting *State v. Poulin*, 66 A.3d 419, 423 (R.I. 2013)). "We do not weigh the evidence on certiorari, but only conduct our review to examine questions of law raised in the petition." *WMS Gaming, Inc. v. Sullivan*, 6 A.3d 1104, 1111 (R.I. 2010) (quoting *State v. Greenberg*, 951 A.2d 481, 489 (R.I. 2008)). "Our review of questions of law is *de novo*." *Id.*

## III

## Discussion

Although this Court granted the state's petition for a writ of certiorari with direction to the parties to address the issue of whether this Court's opinion in *Diaz* "announced a new rule of law in light of our holdings" in the cases listed above, we have determined that we need not reach that question. After consideration of the travel of this case, we conclude that the trial justice erred in granting defendant's motion for a new trial by exceeding the scope of this Court's remand order, which we granted for the trial justice to address defendant's motion for a new trial based on newly discovered evidence.

Approximately two and a half years after this Court granted defendant's motion to remand his case, defendant filed two supplemental memoranda in Superior Court, alleging that, in light of this Court's opinion in *Diaz*, the trial justice erred in charging the jury at trial. Specifically, defendant alleged that *Diaz* established a new rule of law requiring that jury instructions for involuntary manslaughter contain reference to "criminal negligence." The Superior Court granted defendant's motion for a new trial on that basis on February 29, 2016.

Importantly, however, this Court decided *Diaz* on July 12, 2012—nine days after defendant filed his notice of appeal from his judgment of conviction. As such, defendant had the benefit of the *Diaz* opinion for nearly one year prior to filing his motion to remand with this Court on June 17, 2013. It is also significant that, in his motion for remand before this Court, defendant did not raise *Diaz*; indeed, he did not do so until he filed his second and third supplemental memoranda in Superior Court, on December 22, 2015, and February 23, 2016, more than three years after his conviction and long after *Diaz* was decided.

We have previously held that "[i]t is not the role of a trial justice to attempt to read between the lines of our decisions." *Willis v. Wall*, 941 A.2d 163, 166 (R.I. 2008) (quoting *Fracassa v. Doris*, 876 A.2d 506, 509 (R.I. 2005)). Instead, this Court has been clear that "lower courts * * * that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand." *Butterfly Realty v. James Romanella & Sons, Inc.*, 93 A.3d 1022, 1031-32 (R.I. 2014) (quoting *Pleasant Management LLC v. Carrasco*, 960 A.2d 216, 223 (R.I. 2008)). Neither a party nor the trial court may expand the scope of this Court's remand to include arguments available to the party at the time of the original motion to remand. Here, defendant filed his motion to remand for the sole purpose of seeking a new trial based on newly discovered evidence pursuant to Rule 33. As the state articulated at the Superior

- 5 -

Court hearing on that motion on remand, defendant's jury instructions argument "falls outside the four corners of the original remand order[.]" We agree and hold that, on remand, the trial justice did not have the authority to consider defendant's new-trial arguments based on *Diaz*.

Therefore, this Court will not consider whether *Diaz* established a new rule of law, although we note our grave doubt that it did. *See Torres v. State*, 19 A.3d 71, 75 n.7 (R.I. 2011) (recognizing the language in *Hockenhull* utilizing "criminal negligence" to define involuntary manslaughter); *State v. Cacchiotti*, 568 A.2d 1026, 1030 (R.I. 1990) ("This [C]ourt has long held that the crime of involuntary manslaughter may be based upon proof that a defendant has been guilty of gross negligence and that such gross negligence is equated with the term 'criminal negligence.'") (quoting *McVay*, 47 R.I. at 294-96, 132 A. at 438).

## IV

## Conclusion

For these reasons, the order of the Superior Court is quashed. This matter is remanded to the Superior Court for the sole purpose of allowing defendant to be heard on his motion for a new trial pertaining only to the issue of newly discovered evidence. The matter is to be considered and decided forthwith, and the papers shall be returned to this Court within sixty days of this order, for expedited briefing by the parties in the appeal docketed in this Court as No. 2012-305-C.A.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Victor Arciliares. |
| **Case Number** | No. 2016-61-M.P.<br>(P1/10-3258AG) |
| **Date Opinion Filed** | November 5, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For State:<br><br>Aaron L. Weisman<br>Department of Attorney General<br><br>For Defendant:<br><br>Lara E. Montecalvo<br>Office of the Public Defender |