January 22, 2020

**Supreme Court**

No. 2015-96-M.P.
No. 2017-17-M.P.
(PC 14-3692)

Mohammad Banki, M.D., D.M.D., et al.    :

v.    :

Michael D. Fine, M.D., et al.    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Mohammad Banki, M.D., D.M.D., et al.   :

v.   :

Michael D. Fine, M.D., et al.[1]   :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.** The plaintiffs, Mohammad Banki, M.D., D.M.D., and Frank Paletta, M.D., D.M.D.,[2] filed a petition for writ of certiorari seeking review of an order and judgment of the Superior Court granting the motion of the defendant, the Rhode Island Department of Health,[3] to dismiss their complaint. We granted the petition on December 18, 2015, and ordered that the case remain in the Superior Court for a hearing to determine a limited issue. While the case was in the Superior Court, the department filed a petition for writ of certiorari of its own, in which it sought review of a judgment of the Superior Court that entered default judgment against it. We granted that petition as well and consolidated the two cases. After thoroughly reviewing the record and considering the arguments of counsel, we affirm the March 2, 2015 order and judgment of the Superior Court, quash the November 7, 2016 judgment of the Superior Court, and

---

[1] Pursuant to Rule 25(d) of the Rhode Island Superior Court Rules of Civil Procedure, Nicole Alexander-Scott M.D. was automatically substituted for Michael Fine M.D. in this action after she replaced him as the Director of the Rhode Island Department of Health.

[2] From this point on, the plaintiffs will be referred to as the physicians.

[3] From this point on, the defendant will be referred to as the department.

remand the case to Superior Court with directions that it remand the case to the Rhode Island Department of Health for further proceedings.

## I

## Facts and Travel[4]

On July 2, 2013, the Investigating Committee of the department's Board of Medical Licensure and Discipline made a finding of unprofessional conduct against each of the physicians.[5] On December 19, 2013, the board issued a specification of charges and scheduled the matter for a formal administrative hearing.[6] On February 6, 2014, the physicians initiated what they termed "jurisdictional discovery" relating only to the board's jurisdiction to hear the charges.

Discovery before the board did not proceed smoothly, and the physicians complained that the department failed to adequately comply with several of their discovery requests. A hearing officer agreed, and on May 9, 2014, she entered a conditional order of dismissal against the department and ordered it to fully comply with the physicians' discovery requests by May 14, 2014. The department provided additional responses on that day, but the physicians alleged that the responses were inadequate. On May 21, 2014, the physicians moved to dismiss the charges that had been filed against them, based on the conditional order of dismissal. The next day, a hearing was held on the motion to dismiss. After the hearing, the department made another attempt to respond to the physicians' discovery requests, but, again, the physicians alleged that the responses were incomplete. However, the hearing officer ultimately issued a written decision (the

---

[4] We partially rely on the physicians' complaint and the department's proffered certified administrative record, because the parties do not dispute the underlying facts.

[5] The record indicates that the physicians are both medical doctors and dentists, but that their practice was primarily in the area of dentistry.

[6] The board further amended the charges on January 8, 2014.

Order) denying the physicians' motion to dismiss because, she concluded, the department had complied with the previous conditional order.

The physicians then filed a complaint in Superior Court under the provisions of the Administrative Procedures Act, G.L. 1956 § 42-35-15, appealing the Order. The physicians alleged in their complaint that the Order was final and therefore appealable under § 42-35-15. The department filed an answer to the complaint and moved to dismiss the complaint. In its memorandum of law accompanying its motion to dismiss, the department argued that the physicians had appealed from an order that was interlocutory in nature and not a final order. Therefore, the department urged that the complaint should be dismissed under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure because the complaint did not meet the requirements of § 42-35-15(a). In response, the physicians argued that, because they had alleged all the required elements under § 42-35-15(a), and because the Order was final, the complaint was sufficient to invoke the jurisdiction of the Superior Court.

After considering the positions of the parties, the first hearing justice[7] held that the Order was interlocutory and therefore not subject to appeal unless the physicians satisfied the exception set forth in § 42-35-15(a), which provides that "[a]ny preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency order would not provide an adequate remedy." The first hearing justice further held that the physicians had failed to provide any argument or allege any facts to indicate why their complaint fell within this exception. The first hearing justice granted the department's motion to dismiss the physicians' complaint without prejudice to them seeking review after they had exhausted their

---

[7] Although the petitions have been consolidated in this Court, the matters were heard by two separate hearing justices in the Superior Court, who we refer to as the first hearing justice and the second hearing justice.

administrative remedies. The first hearing justice then ordered the department to withdraw the sealed administrative record and to retain custody of it.

The physicians then filed a petition for writ of certiorari with this Court. We granted the petition and ordered that the case remain in the Superior Court; we directed the court to "conduct a hearing and render a decision, which shall include any necessary findings of fact and conclusions of law, on the questions of a) whether respondent DOH complied with the Hearing Officer's conditional dismissal order of **May 9, 2014** and, if not, b) whether the said order was self-executing."

Thereafter, the second hearing justice ordered the department to produce the original administrative record by July 26, 2016. The record reflects that the department failed to comply with that deadline. As a result, the second hearing justice entered a conditional order of dismissal and ordered the department to produce the original administrative record by August 3, 2016. On that day, the department submitted a certified administrative record entitled "Amended Administrative Hearing Record." The department also informed the second hearing justice that the original administrative record had been lost.

The second hearing justice rejected the "Amended Administrative Hearing Record" and ruled that what had been submitted was not the certified administrative record of the appeal. The second hearing justice therefore granted the physicians' motion to enter default judgment, denied the department's motion to vacate the order of default, and dismissed the underlying charges against the physicians that were then pending before the board. The department filed a petition for writ of certiorari with this Court, which we granted.

- 4 -

## II

## Standard of Review

"When this Court reviews an administrative appeal brought under the Administrative Procedures Act, G.L. 1956 chapter 35 of title 42, our review is limited to questions of law." *Blais v. Rhode Island Airport Corporation*, 212 A.3d 604, 611 (R.I. 2019). "This Court does not substitute its judgment for that of the agency concerning the credibility of witnesses or the weight of the evidence concerning questions of fact." *Id.* (quoting *Beagan v. Rhode Island Department of Labor and Training*, 162 A.3d 619, 626 (R.I. 2017)). "Although we afford great deference to the factual findings of the administrative agency, 'questions of law—including statutory interpretation—are reviewed *de novo*.'" *Id.* (quoting *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008)).

As we held in *Blais*, "[p]ursuant to § 42-35-15(g), when reviewing an administrative appeal, this Court may:

> "affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> > "(1) In violation of constitutional or statutory provisions;
> >
> > "(2) In excess of the statutory authority of the agency;
> >
> > "(3) Made upon unlawful procedure;
> >
> > "(4) Affected by other error [of] law;
> >
> > "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Blais*, 212 A.3d at 611 (internal quotation marks omitted) (quoting § 42-35-15(g)).

"On certiorari, this Court will not weigh the evidence; 'we limit the scope of our review to the record as a whole to determine whether any legally competent evidence exists therein to support the trial court's decision or whether the trial court committed error of law in reaching its decision.'" *Beagan*, 162 A.3d at 626 (quoting *Rhode Island Temps, Inc. v. Department of Labor and Training, Board of Review*, 749 A.2d 1121, 1124 (R.I. 2000)). "Legally competent evidence is defined as 'such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance.'" *Id.* (quoting *Rhode Island Temps, Inc.*, 749 A.2d 1121 at 1125).

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018) (brackets omitted) (quoting *Narragansett Electric Co. v. Minardi*, 21 A.3d 274, 277 (R.I. 2011)). "For that reason, 'when ruling on a Rule 12(b)(6) motion to dismiss, the trial justice must look no further than the complaint, assume that all allegations in the compliant are true, and resolve any doubts in a plaintiff's favor.'" *Id.* (brackets omitted) (quoting *Multi-State Restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 416 (R.I. 2013)). "The motion may then only be granted if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (deletion omitted) (quoting *Multi-State Restoration, Inc.*, 61 A.3d at 417). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* (quoting *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1015 (R.I. 2015)).

# III

## Discussion

The parties in this case seek review of two separate rulings of the Superior Court. We deal with each in turn.

### A

### Order and Judgment Granting the Department's Motion to Dismiss

The physicians raise several arguments as to why the first hearing justice erred in granting the department's motion to dismiss their administrative appeal. First, the physicians argue that, to the extent that the first hearing justice analyzed the "finality" requirement of the Administrative Procedures Act as a jurisdictional issue, the first hearing justice erred. Second, the physicians argue that the first hearing justice applied the wrong standard under Rule 12(b)(6).

### 1

### Jurisdiction

From our review of the first hearing justice's decision, it is clear that the first hearing justice, to a very limited extent, blurred the line between analyzing the issue as jurisdictional or as a failure to state a claim. In the first hearing justice's bench decision, he clearly discussed that judicial review was inappropriate at the time because the order the physicians were appealing from was interlocutory and the physicians had not shown why they met the exception under § 42-35-15(a). However, in the order and judgment, the first hearing justice referred to the department's argument that the Superior Court lacked jurisdiction. Because there is some confusion over whether the first hearing justice in fact held that the Superior Court lacked jurisdiction to hear the physicians' administrative appeal, we deem it necessary to elucidate the law governing jurisdiction and the Administrative Procedures Act.

"The Superior Court of Rhode Island is a trial court of general jurisdiction." *Chase v. Bouchard*, 671 A.2d 794, 796 (R.I. 1996). "It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal." *Id.* In the context of administrative appeals, § 42-35-15 confers jurisdiction on the Superior Court to hear and address the merits of administrative appeals. Moreover, the Superior Court is vested with equitable jurisdiction to intervene on behalf of a party who claims he or she "is being irreparably harmed by the conduct of administrative proceedings[.]" *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 (R.I. 1980) (citing *Jordan v. United Insurance Co. of America*, 289 F.2d 778, 782-83 (D.C. Cir. 1961); *Lahey Clinic Foundation Inc. v. Health Facilities Appeals Board*, 380 N.E.2d 675, 682 (Mass. 1978)).[8]

We have held that a party's failure to meet the statutory requirements to obtain judicial review of agency actions is not a condition precedent for subject-matter jurisdiction in the Superior Court, a court of equity. *La Petite Auberge*, 419 A.2d at 279. In *La Petite Auberge*, the Human Rights Commission argued that certain provisions of the Fair Employment Practices Act limited judicial review to final orders of the agency. *Id.* at 278-79.[9] The agency argued that, because there was no final order, the Superior Court lacked subject-matter jurisdiction over the plaintiff's

---

[8] Although in *Barrington School Committee v. Rhode Island State Labor Relations Board*, 608 A.2d 1126 (R.I. 1992), we said that "[t]he General Assembly enacted the [Administrative Procedures Act] in 1962 to establish a single and exclusive method of obtaining judicial review of agency action," we consistently have held since the enactment of the Administrative Procedures Act that the Superior Court also retains its equitable jurisdiction. *Barrington School Committee*, 608 A.2d at 1130; *see Yellow Cab Co. of Providence v. Public Utility Hearing Board*, 101 R.I. 296, 298, 222 A.2d 361, 362 (1966) ("[T]he provisions of § 42-35-15 do not divest this Court of its inherent jurisdiction to provide an adequate remedy where there is in the circumstances of the case no adequate remedy at law available.").

[9] We note that the Fair Employment Practices Act (FEPA) and the Administrative Procedures Act are distinct in that FEPA limits review to final orders, while the Administrative Procedures Act includes an exception that permits review of interlocutory orders.

administrative appeal because a final order was a condition precedent to subject-matter jurisdiction. *Id.* We disagreed and held that the issue was not whether the Superior Court had subject-matter jurisdiction, but rather whether "[j]udicial intervention under the present facts * * * [was] improper." *Id.* at 279. Similarly, the question in this case is whether judicial intervention was proper, and not whether the Superior Court was vested with subject-matter jurisdiction. *See Narragansett Electric Company v. Saccoccio*, 43 A.3d 40, 44 (R.I. 2012) (holding that the failure to comply with the statutory requirements of challenging tax assessments raised the issue of the appropriateness of judicial intervention and not whether the Superior Court had subject-matter jurisdiction). We are of the firm opinion that the Superior Court did have subject-matter jurisdiction over the physicians' administrative appeal.

However, we still must address whether judicial intervention in this case was appropriate. Notwithstanding the Superior Court's equitable jurisdiction, which the physicians did not invoke, the Administrative Procedures Act, at § 42-35-15, makes judicial intervention appropriate in two circumstances. *See* § 42-35-15(a). First, the Superior Court may review a "final order" of an agency in a contested case after the plaintiff has "exhausted all administrative remedies available to him or her within the agency[.]" Section 42-35-15(a). Second, the Superior Court may review "[a]ny preliminary, procedural, or intermediate agency act or ruling * * * in any case in which review of the final agency order would not provide an adequate remedy." *Id.*

First, the physicians argue that the clear language of the Administrative Procedures Act provides that an interlocutory order can be a "final order" and therefore the Order was final even though interlocutory. Second, the physicians argue that they met the exception to § 42-35-15(a) that permits review of interlocutory orders.

- 9 -

**2**

**Final Order**

From our review of the record and the physicians' complaint, we are of the opinion that the Order is interlocutory. We have held that a denial of a motion to dismiss is an interlocutory order. *E.g.*, *Fayle v. Traudt*, 813 A.2d 58, 61 (R.I. 2003). Additionally, the United States Supreme Court, in its definition of a "final" order in the analogous federal Administrative Procedures Act, has held that:

> "As a general matter, two conditions must be satisfied for agency action to be 'final': First, the action must mark the 'consummation' of the agency's decision[-]making process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow[.]'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted).

It is crystal clear to us that an agency's denial of a motion to dismiss neither determines the rights or obligations of the parties nor results in the "consummation" of the agency's decision-making process. Instead, a denial of a motion to dismiss establishes only that the case will proceed to a hearing on the merits, and nothing more. Therefore, for judicial intervention to have been appropriate in the present case, the physicians would have been required to meet the exception laid out in § 42-35-15(a) concerning the appealability of interlocutory orders.

We are in complete disagreement with the physicians' position that an interlocutory order can be a "final" order under the Administrative Procedures Act. By just reviewing the definition of the two words "final" and "interlocutory," it is clear they mean the polar opposite. Additionally, the definition of a final order in the federal context indicates that a final order "must not be of a merely tentative or *interlocutory nature.*" *Bennett*, 520 U.S. at 178 (emphasis added).

- 10 -

As part of their argument, the physicians construe § 42-35-12 as providing a definition of a final order. This argument is wholly without merit. Section 42-35-12[10] lists the requirements that must be embodied in a final order, including, but not limited to, the requirement that it be in writing or stated in the record, contain findings of fact and conclusions of law, and include a notice that judicial review is available. However, we do not agree that § 45-35-12 provides a definition of a final order. The mere fact that the Order contains all the elements required by § 42-35-12 indicates that the hearing officer may have believed the Order to be final. However, we are not bound by those conclusions.

**3**

**Exception to the Finality Rule**

As to whether the physicians meet the exception laid out in § 42-35-15(a), they argue that they alleged futility in that their complaint alleged that they would be forced to proceed through the administrative process with inadequate discovery to challenge the department's jurisdiction.

We have never been called upon to delineate what facts fulfill the requirement to review an interlocutory order under § 42-35-15(a). The physicians agree with the first hearing justice that review of an interlocutory order is appropriate only where further agency review "would be futile or would destroy the effectiveness of the relief sought[.]" *See Almeida v. Plasters' and Cement Masons' Local 40 Pension Fund*, 722 A.2d 257, 259 (R.I. 1998). We observe that this rule governs the exception to the requirement that all administrative remedies must be exhausted before a court

---

[10] General Laws 1956 § 42-35-12 provides in part: "Any final order adverse to a party in a contested case shall be in writing or stated in the record. Any final order shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. * * * Included with the final order shall be a separate notice advising the parties of the availability of judicial review[.]"

reviews a final order. *Id.* Because the physicians do not challenge the standard that the first hearing justice used, we therefore assume without deciding that that standard governs this inquiry.

From our review of the record, the physicians have not demonstrated how being forced to proceed through an administrative proceeding without possessing all the discovery that they sought would make review of any final order of the department futile or would destroy the effectiveness of appellate review of any final order of the department.

Without doubt, the physicians would have been well within their rights to raise this issue before the department, or before the Superior Court if they lost the underlying administrative action and appealed the final order. Even though interlocutory orders, subject to narrow exceptions, are not immediately appealable, this rule does not foreclose the possibility of review of the correctness of the order after a final order or judgment has been entered. In the context of interlocutory orders in the Superior Court, as a general rule those orders can be reviewed as part of a party's appeal of the final judgment. *See Greensleeves, Inc. v. Smiley*, 942 A.2d 284, 291 (R.I. 2007) (holding that an appeal from final judgment that disposes of all remaining claims and encompassed all prior orders was sufficient under appellate rules to review a prior order); *State v. Piedmont Funding Corporation*, 121 R.I. 27, 29, 394 A.2d 694, 695 (1978) ("[A] final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits."). In other words, any defendant who is aggrieved by a final judgment in a plaintiff's favor may argue on appeal that the trial justice should have granted its earlier motion to dismiss. Additionally, the hearing officer's belief that the Order was final and her inclusion of a notice of a right to appeal along with the Order does not bind this Court, nor does it bind the Superior Court.

Second, it cannot be gainsaid that the physicians may well be successful in the administrative proceeding. Although their ability to attack the jurisdiction of the department over

the merits of the charges brought against the physicians arguably could have been affected by a lack of discovery, the physicians may have in the end prevailed either on the merits of the charges against them or on the alleged jurisdictional issue.

We are of the opinion that the intervention of the Superior Court would have been inappropriate in this case and we agree with the first hearing justice that what was before him was interlocutory and therefore premature. We have said that "[j]udicial review of interlocutory rulings of administrative agencies must be 'sparingly exercised in order to avoid inundation by preliminary issues that may ultimately be resolved or become moot in the course of litigation at the administrative level.'" *North Kingstown School Committee v. Wagner*, 176 A.3d 1097, 1099 n.3 (R.I. 2018) (brackets and deletion omitted) (quoting *La Petite Auberge, Inc.*, 419 A.2d at 279 n.5).

We therefore unhesitatingly affirm the first hearing justice's order and judgment granting the department's motion.

**B**

**Default Judgment**

The department argues that the second hearing justice exceeded his discretion when he entered default judgment in favor of the physicians. We agree.

As we have said in the context of our remand orders, "this Court has been clear that 'lower courts that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand.'" *State v. Arciliares*, 194 A.3d 1159, 1162 (R.I. 2018) (deletion omitted) (quoting *Butterfly Realty v. James Romanella & Sons, Inc.*, 93 A.3d 1022, 1031-32 (R.I. 2014)). This principle applies equally to our orders to the Superior Court. In our opinion, the second hearing justice exceeded the scope of our order.

We ordered that the Superior Court retain this case for the sole purpose of determining "whether respondent DOH complied with the Hearing Officer's conditional dismissal order of **May 9, 2014** and, if not, * * * whether the said order was self-executing." Thereafter, the second hearing justice ordered the department to return the original record, that had been submitted to the first hearing justice. We certainly appreciate the dilemma in which the second hearing justice found himself when he was informed that the record that he was ordered to review had been lost. The second hearing justice decided to resolve that dilemma by entering a default judgment against the department.

It is our opinion, however, that that action exceeded our mandate. We therefore are constrained to quash the judgment of the Superior Court. Although the second hearing justice was unable to fulfill our mandate because of the lost records, the case was before him for a limited purpose with a very specific mandate. In our opinion, the second hearing justice should have transmitted the case to this Court either without resolving the issue or resolved the issue himself on the basis of the record before the Superior Court at that time.

In any event, we are of the opinion that, under the provisions of the Administrative Procedures Act, a default judgment against an agency in this instance was inappropriate. This unique issue is one of first impression because we have been unable to find any caselaw, either in our own or federal jurisprudence, where an agency has been subject to a default judgment for having lost the original administrative record. To the contrary, caselaw abounds that remand to the agency is the appropriate remedy for curing deficiencies in the record. *See Champlin's Realty Associates v. Tikoian*, 989 A.2d 427, 448 (R.I. 2010); *Lemoine v. Department of Mental Health, Retardation and Hospitals*, 113 R.I. 285, 290, 320 A.2d 611, 614 (1974); *Holliston Sand Co. v. Zoning Board of Review of Town of North Smithfield*, 98 R.I. 93, 93, 200 A.2d 9, 9-10 (1964).

In *Holliston Sand*, we held that the appropriate remedy for a zoning board's failure to create an administrative record was a remand to the zoning board for a *de novo* hearing. *Holliston Sand Co.*, 200 A.2d at 9-10. In *Lemoine*, we held that § 42-35-15(g) grants to the Superior Court the power to remand a case to an agency and that "is a broad grant of power * * * in a proper case, to correct deficiencies in the record and thus afford the litigants a meaningful review." *Lemoine*, 320 A.2d at 614. In *Champlin's Realty*, we explained that "[r]emand to the agency generally is the proper remedy 'under a variety of circumstances.'" *Champlin's Realty Associates*, 989 A.2d at 448 (quoting 2 Am. Jur. 2d *Administrative Law* § 574 at 489, 490 (2004)). However, we have also said that a remand is not the proper remedy if it "would not provide decisive new information" because "the facts and issues have been developed and clarified[.]" *Id.* at 449.

Turning to the case at hand, we are of the opinion that a default judgment was not the appropriate remedy to resolve the issue of the lost original administrative record. Our own caselaw and § 42-35-15 indicate that an entry of default judgment against an agency is not the path to travel because of a defect in the administrative record. This is consistent with the analogous federal caselaw interpreting the similar federal Administrative Procedures Act.

The United States Supreme Court has said that "if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Company v. Lorion*, 470 U.S. 729, 744 (1985).

The United States Court of Appeals for the Tenth Circuit has held that "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). The court further held that "[t]he court assumes the agency properly designated the

Administrative Record absent clear evidence to the contrary." *Id.* Thus, the court requires a showing that the record may be incomplete before permitting limited discovery to complete the record. *Id.*

The United States Court of Appeals for the Second Circuit has similarly held that "[s]upplementation of [the] record upon remand to the agency may be necessary when the record does not support the agency action, when the agency has not considered all relevant factors, or when the reviewing court simply cannot evaluate the challenged action on the basis of the record before it." *National Audubon Society v. Hoffman*, 132 F.3d 7, 14 (2nd Cir. 1997). The court further held that "an extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary[.]" *Id.*

All three of those cases stand for the proposition that either remand to the agency or limited discovery is the appropriate remedy for either an incomplete record or a deficiency in the record.

Therefore, it is our opinion that, if the physicians had made a showing that the administrative record in this case was incomplete, the remedy would be either remand to the department or to allow limited discovery to cure the deficiency, not default judgment.

Furthermore, from our review of the record, the physicians have not made a sufficient showing that the record is incomplete. The physicians have relied on the fact that the record is not the original record, as well as on speculation based on the fact that the indexes do not match. We find the federal caselaw persuasive that some kind of showing must be made to indicate that the record is incomplete. *See National Audubon Society*, 132 F.3d at 14. This showing cannot be the mere allegation that the record is incomplete. *See Ammex, Inc. v. United States*, 62 F. Supp. 2d

1148, 1156 (Ct. Int'l Trade 1999) ("[A] party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record.").

Even though the issue seems centered on the fact that the department was unable to provide the original record, the nub of the issue here is really whether the record is complete, not whether it is the original record.[11] If the physicians had indicated that some e-mails were missing, the hearing officer's order was missing, or some other relevant document was missing, then the second hearing justice could have ordered limited discovery or a remand to the department to locate or provide the missing documents. The physicians have not made any kind of showing that something is missing, but rather have speculated that something could be missing.

Even if we were to assume that the inconsistent indexes are sufficient to make a showing that the administrative record is incomplete, it is our opinion that remand to the Superior Court for the sole purpose of completing the record would not be in the best interests of justice in this case. *See Champlin's Realty Associates*, 989 A.2d at 449. We already have before us the Order and the transcript of the hearing that gave rise to that Order.[12] This information is sufficient to answer both the issue of whether the physicians' complaint stated a claim on which relief could be granted and whether the Order was self-executing. Remand would not bring forward any "new decisive information." *See id.* All that remand would accomplish is further delaying the final resolution of

---

[11] Although the second hearing justice ordered the department to submit the original record and the department failed to comply with this order, the entry of a default judgment is not appropriate. Section 42-35-15(d) requires only that the agency transmit the original or a certified administrative record. It does not expressly require the original record. Therefore, the second hearing justice should not have confined the department to transmitting the original record, but instead should have ordered that the department transmit either the original or a certified record. At that time, the physicians could have challenged whether the relevant record was complete.

[12] After oral argument and at our request, the department provided the transcript of the hearing before the board.

this hoary case. It cannot escape our notice that this case is approaching seven years of age, but that nothing substantive has been heard with respect to the charges lodged against the physicians.

We therefore quash the second hearing justice's order entering default judgment against the department, and we remand the case to the Superior Court with instructions that the Superior Court remand the case to the Rhode Island Department of Health to continue the formal administrative hearing forthwith and, we stress, without further delay.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the order and judgment of the Superior Court dated March 2, 2015, and quash the judgment of the Superior Court dated November 8, 2016. We affirm the dismissal of the physicians' appeal as interlocutory. In addition, we quash the entry of default judgment against the department. We remand this case to the Superior Court with instructions that the court remand the case to the Rhode Island Department of Health and to order the Department of Health to, without delay, continue the formal administrative hearing concerning the charges and specifications leveled against the plaintiffs.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Mohammad Banki, M.D., D.M.D., et al. v. Michael D. Fine, M.D., et al. |
| **Case Number** | No. 2015-96-M.P.<br>No. 2017-17-M.P.<br>(PC 14-3692) |
| **Date Opinion Filed** | January 22, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Jennifer R. Cervenka, Esq.<br>Christy B. Durant, Esq.<br>Emily J. Migliaccio, Esq. |
| | For Defendant:<br><br>Joseph K. Alston, Esq.<br>Michael W. Field, Esq. |